Affirmed in Part, Reversed and Remanded in Part, and Majority and
Concurring Opinions filed February 27, 2003
















Affirmed in
Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed
February 27,
 2003.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-01-01015-CR &

      14-01-01017-CR

____________

 

DAVID GLENN NOLAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

__________________________________________

 

On Appeal from
the 183rd District Court

Harris County, Texas

Trial Court
Cause Nos. 863,156 and 862,772

 

__________________________________________

 

C O N C U R
R I N G   O P I
N I O N

            I concur in
the majority’s resolution of appellant’s ex
post facto issue.

            In 1986 when appellant completed
deferred adjudication for aggravated sexual assault of a child, and was
discharged by the trial court, the law provided that such discharge could not
be deemed a conviction.  See Act of May 7, 1975, 64th Leg., R.S., ch. 231, § 1, sec. 3d(c), 1975 Tex.
Gen. Laws 572, 573 (subsequently amended, current version at Tex. Code Crim.
Proc. art. 42.12, § 5(c) (Vernon Supp.
2003)).  But in 2001 that discharge was,
under Penal Code section 12.42(g)(1), deemed a conviction for purposes of
enhancement of his punishment to life imprisonment.  See
Tex. Pen. Code Ann. §
12.42(c)(2), (g)(1) (Vernon 2003). 
Because section 12.42(g)(1) quantitatively increased the punishment
above that permitted for successful completion of deferred adjudication at the
time appellant pleaded guilty and received deferred adjudication, that law
violates the ban on ex post facto lawmaking
in Article I, section 10 of the United States Constitution.

            Although
the Latin phrase “ex post facto”
literally encompasses any law passed “after the fact,” it has long been
recognized by the United States Supreme Court that the constitutional
prohibition on ex post facto laws
applies only to penal statutes which disadvantage the offender affected by them.  Collins
v. Youngblood, 497 U.S. 37, 41,
110 S. Ct. 2715, 2718 (1990).  To fall within the ex post facto prohibition, a law must be retrospective–that is, it
must apply to events occurring before its enactment–and it must disadvantage
the offender affected by it, by altering the definition of criminal conduct or
increasing the punishment for the crime. 
Lynce v. Mathis, 519 U.S. 433, 441,
117 S. Ct. 891, 896 (1997).  

            There are four categories of ex post facto laws.  First, every law that makes an action done
before the passing of the law and which was innocent when done, criminal, and
punishes such action.  Second, every law
that aggravates a crime, or makes it greater than it was, when committed.  Third, every law that changes the punishment,
and inflicts a greater punishment, than the law annexed to the crime, when
committed.  Fourth, every law that alters
the legal rules of evidence, and receives less, or different testimony, than
the law required at the time of the commission of the offence, in order to
convict the offender.  Lynce, 519 U.S. at 441
n.13, 117 S. Ct. at 895 n.13.  The statute at issue here falls within the
third of the four categories listed.

            Whether a particular law
retroactively increases a criminal punishment is often a close question.  Lynce, 519 U.S. at 450,
117 S. Ct. at 900 (Thomas J.,
concurring).  Here, however, the
retrospective aspect of section 12.42(g)(1) is manifest.  The trial court deferred adjudication of
appellant’s offense based on his plea of guilty, and placed appellant on
community supervision.  Appellant
successfully completed his community supervision and was discharged.  At the time of his discharge, former Code of
Criminal Procedure article 42.12, section 3d(c) specifically provided that
dismissal and discharge would not be deemed a conviction.  See
Act of May 7, 1975, 64th
Leg., R.S., ch. 231, § 1, sec. 3d(c), 1975 Tex. Gen.
Laws 572, 573 (subsequently amended, current version at Tex. Code Crim. Proc. art. 42.12, §
5(c) (Vernon Supp. 2003)); see also Scott
v. State, 55 S.W.3d 593, 595 (Tex. Crim. App.
2001) (quoting Tex. Code Crim. Proc. Ann. Art. 42.12, § (5)(c) (1990)).  Certain exceptions were listed, but none
involved the use of a deferred adjudication to enhance a subsequent
offense.  See Scott, 55 S.W.3d at 595. 
Appellant was entitled to rely on that restriction on the use of his
offense.  Id at 597.

            But the Legislature had other
ideas.  In 1997 and 1999, the Legislature
amended Penal Code section 12.42 to include a provision that made a deferred
adjudication count as a conviction.  See Act of May 31, 1997, 75th Leg.,
R.S., ch. 667, § 4, 1997 Tex. Gen. Laws 2250, 2252, amended by Act of April 23, 1999, 76th
Leg., R.S., ch. 62, § 15.01, 1999 Tex. Gen. Laws 127,
357 (current version at  Tex. Pen. Code Ann. § 12.42(g)(1)
(Vernon 2003)).[1]  Through the language in subsection (g)(1), a
defendant is deemed to have been previously convicted of the offenses enhancing
the punishment to life in section 12.42(c)(2) if the defendant entered a plea
of guilty in return for a grant of deferred adjudication, regardless of whether
the sentence was probated and the defendant was subsequently discharged from
community supervision.  Tex. Pen. Code Ann. § 12.42(g)(1)
(Vernon 2003).  Thus, appellant’s lack of
a conviction based on his completion of community supervision was retroactively
converted into a conviction by section 12.42(g)(1).  

            When the Legislature increases
punishment by the removal of a statutory restriction, that increase violates
the ban on ex post facto laws.  Scott,
55 S.W.2d at 598.  Because section
12.42(g)(1) increased appellant’s punishment by removing a restriction on the
use of his 1984 offense, it is an ex post
facto law.  Accordingly, I concur
with the majority that appellant is entitled to a new punishment hearing
without the pernicious effects of section 12.42(g)(1).

 

                                                                                    

                                                                        /s/        John S. Anderson

                                                                                    Justice

 

Judgment
rendered and Majority and Concurring Opinions filed February 27, 2003.

Panel
consists of Justices Yates, Anderson, and Frost.

Publish — Tex. R. App. P. 47.2(b).  

 

 











            [1]  In 1997, the Legislature added the
definitional language in what is now Penal Code section 12.42(g), but
erroneously referenced that section to Penal Code section “(d)(2),” rather than
(c)(2).  See Act of May 31,
 1997, 75th Leg., R.S., ch. 667, § 4,
1997 Tex. Gen. Laws
2250, 2252.  The legislature corrected
the error in 1999, so that the definitional section referenced the section
mandating life imprisonment for certain repeat offenders.  See
Act of April 23, 1999, 76th
Leg., R.S., ch. 62, § 15.01, 1999 Tex. Gen. Laws 127,
357.