COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 RICKER
 MUNOZ,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00085-CR
  
 Appeal from the
  
 120th District Court
  
 of El Paso County, Texas
  
 (TC#20020D04000)
 
 




 

O
P I N I O N

Ricker Munoz was indicted for
assaulting a member of his family or household.    Punishment for the offense was enhanced by
a prior conviction.  Munoz pleaded guilty
and was sentenced, in accordance with a plea agreement, to five years= imprisonment, probated for five
years.  Because the enhancement of Munoz=s punishment violated the
constitutional proscription against ex post facto laws, we
reverse and remand.

Factual and
Procedural Background








In 1997, Munoz was charged with
assaulting Nanette Munoz.  He pleaded
guilty and received deferred adjudication probation.  Although the information did not allege that
Nanette was a family member, the judgment includes a finding that the offense
involved family violence.  Munoz complied
with all the terms of his probation.  
Consequently, when the probationary period expired, the trial court signed
an order discharging him from probation and ordered him Areleased from all penalties resulting
from the Judgment of Conviction.@

In 2002, Munoz was again charged with
assaulting Nanette Munoz.  The indictment
alleged that Nanette was a member of Munoz=s family or household.  Relying on the 1997 case, the indictment also
alleged that Munoz had previously been convicted of assaulting a member of his
family or household.  The effect of this
allegation was to change the 2002 offense from a class-A misdemeanor to a
third-degree felony.  See Tex. Pen. Code Ann. ' 22.01(b)(2) (Vernon Supp. 2004)
(providing that assault is enhanced from a class-A misdemeanor to a
third-degree felony if it is committed against a member of the defendant=s family or household and the
defendant was previously convicted of assaulting a member of his family or
household).








Munoz filed a motion to dismiss the indictment
for lack of jurisdiction.   He   argued that using the 1997 conviction to
increase the punishment for the 2002 offense would violate the ex post facto
proscriptions of the United States and Texas Constitutions.   He also asserted that because the
family-violence finding in the 1997 judgment was not made by a jury beyond a
reasonable doubt, it could not be used to increase his punishment for the 2002
offense under the Supreme Court=s holdings in Apprendi v. New Jersey and Ring v.
Arizona.  See Ring v. Arizona,
536 U.S. 584, 609, 122 S.Ct. 2428, 2443, 153 L.Ed.2d 556 (2002); Apprendi v.
New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435
(2000).

The court ruled that the State could
not use the finding in the 1997 judgment to prove that the assault was against
a member of Munoz=s family or household, but the State could prove that fact by
other means.  In all other respects, the
court denied the motion to dismiss.

Ex Post
Facto Violation

In his second issue, Munoz argues
that using the 1997 conviction to increase the punishment for this offense
violated the ex post facto proscriptions of the United States and Texas
Constitutions.  See U.S. Const. art. I, ' 10, cl. 1; Tex. Const. art. I, ' 16. 
This issue is controlled by Scott v. State, 55 S.W.3d 593 (Tex.
Crim. App. 2001).

In Scott, the Court of
Criminal Appeals addressed the following question:  ACan a successfully completed deferred
adjudication be used to enhance punishment for a later offense when the provision
permitting such enhancement did not exist at the time adjudication was
deferred?@ 
In a unanimous opinion, the court answered this question in the
negative.  Scott, 55 S.W.3d at
594.








The Penal Code provides that a
defendant who is convicted of aggravated sexual assault must be sentenced to
life imprisonment if he was previously convicted of indecency with a
child.  See Tex. Pen Code Ann. ' 12.42(c) (Vernon Supp. 2004); ' 21.11 (Vernon 2003); ' 22.021 (Vernon Supp. 2004).  Scott pleaded guilty to indecency with a
child in exchange for deferred adjudication. 
Scott, 55 S.W.3d at 595. 
When he entered his plea, the Code of Criminal Procedure stated that a
dismissal and discharge from deferred adjudication could not be deemed a
conviction for purposes of disqualifications or disabilities imposed by law for
conviction of an offense.  Id. at
595; see also Tex. Code Crim.
Proc. Ann. art. 42.12, ' 5(c) (Vernon Supp. 2004). 
This language prohibits using a successfully completed deferred
adjudication to enhance punishment for a subsequent offense.  Scott, 55 S.W.3d at 596-97.

 
Scott successfully completed his deferred adjudication probation.  Id. at 595. Thereafter, the
Legislature amended the Penal Code to make a successfully completed deferred
adjudication count as a previous conviction for purposes of enhancing the
punishment for aggravated sexual assault to life imprisonment.  See id. at 595-96.  The amendment provided:

[A]
defendant has been previously convicted . . . if the defendant was adjudged
guilty of the offense or entered a plea of guilty or nolo contendere in return
for a grant of deferred adjudication, regardless of whether the sentence for
the offense was ever imposed or whether the sentence was probated and the
defendant was subsequently discharged from community supervision.

 

Tex. Pen. Code Ann. ' 12.42(g)(1) (Vernon Supp.
2004).  The Legislature also amended the
Code of Criminal Procedure to make section 12.42(g) an exception to article
42.12, section 5(c).  Scott, 55
S.W.3d at 596.  Scott was subsequently
convicted for aggravated sexual assault, and the State used his previous
deferred adjudication Aconviction@ to enhance his punishment to life imprisonment.  Id. at 595.








The Court of Criminal Appeals held
that the enhancement of Scott=s punishment was an ex post facto violation.  Id. at 597-98.  The court stated that when he entered his
guilty plea, Scott was entitled to rely on the language in article 42.12,
section 5(c), that explicitly limited the collateral consequences of deferred
adjudication.  Id. at 597.

In this case, when Munoz pleaded
guilty in 1997, section 22.01(b) of the Penal Code provided that assault was a
class-A misdemeanor, but was enhanced to a state jail felony if it was
committed against a family member and the defendant had two or more previous
convictions for offenses against family members.  Act of May 8, 1997, 75th Leg., R.S., ch. 165,
' 27.01, 1997 Tex. Gen. Laws 327,
556.  As in Scott, article 42.12,
section 5(c), of the Code of Criminal Procedure stated that a dismissal and
discharge from deferred adjudication could not be deemed a conviction for
purposes of disqualifications or disabilities imposed by law for conviction of
an offense.  Act of May 31, 1997, 75th
Leg., R.S., ch. 667, ' 1, 1997 Tex. Gen. Laws 2250, 2251.

In 1999, the Legislature amended
section 22.01(b) to elevate assault from a class-A misdemeanor to a
third-degree felony if it is committed against a member of the defendant=s family or household and the
defendant was previously convicted of assaulting a member of his family or
household.  Act of May 26, 1999, 76th
Leg., R.S., ch. 1158, ' 1, 1999 Tex. Gen. Laws 4063, 4063.  The Legislature also added a new subsection
(f) to section 22.01.  Id., 1999
Tex. Gen. Laws at 4063-64.  This
subsection is almost identical to the amendment discussed in Scott.  It states:








[A]
defendant has been previously convicted of an offense against a member of the
defendant=s family or a member of the defendant=s household . . . if the defendant was adjudged guilty
of the offense or entered a plea of guilty or nolo contendere in return for a
grant of deferred adjudication, regardless of whether the sentence for the
offense was ever imposed or whether the sentence was probated and the defendant
was subsequently discharged from community supervision.

 

Tex. Pen. Code Ann. ' 22.01(f) (Vernon Supp. 2004).

Because section 22.01(f) did not
exist when Munoz pleaded guilty in 1997, we conclude that when Munoz entered
his 1997 plea, he, like Scott, was entitled to rely on the language in article
42.12, section 5(c), which explicitly limited the collateral consequences of
deferred adjudication.  Therefore, as in Scott,
the enhancement of Munoz=s punishment constituted an ex post facto violation.[1]

Conclusion

For the reasons stated herein, we
sustain Munoz=s second issue.  The trial court=s judgment is reversed and the cause
is remanded for further proceedings.[2]








 

SUSAN
LARSEN, Justice

April 15, 2004

 

Before Panel No. 4

Barajas, C.J., Larsen, and
McClure, JJ.

 

(Publish)











[1]The
State concedes that an ex post facto violation occurred.





[2]In
his first issue, Munoz argues that the enhancement of his punishment violated Apprendi
and Ring.  Since he could only be
convicted of a class-A misdemeanor without the enhancement, Munoz argues that
the trial court--a district court--lacked jurisdiction.  See Tex.
Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004) (providing that
district courts generally have jurisdiction only over felonies).  We do not agree that this is a jurisdictional
issue.  The presentment of an indictment
invests a district court with jurisdiction over the cause.  Tex.
Const. art. V, '
12(b).  When the face of the indictment
charges a felony, the district court does not lose jurisdiction if the State is
only able to prove a misdemeanor.  See
Tex. Code Crim. Proc. Ann. art. 4.06
(Vernon 1977); Jones v. State, 502 S.W.2d 771, 773-74 (Tex. Crim. App.
1973); McKenzie v. State, 159 Tex. Crim. 345, 346-47, 263 S.W.2d 562,
562-63 (1953); Mueller v. State, 119 Tex. Crim. 628, 629-30, 43 S.W.2d
589, 590 (1931).  Because Munoz=s Apprendi/Ring argument does
not raise a jurisdictional issue or a basis for acquittal, we find it
unnecessary to address the merits of Munoz=s
first issue.