MEMORANDUM OPINION

No. 04-05-00602-CR

Johnny ROMO,

Appellant

v.

The STATE of Texas ,

Appellee

From the 187th Judicial District Court, Bexar County, Texas

Trial Court No. 2004-CR-7210

Honorable Raymond Angelini , Judge Presiding




Opinion by: Sarah B. Duncan , Justice



Sitting: Alma L. López , Chief Justice

 Catherine Stone , Justice

 Sarah B. Duncan , Justice



Delivered and Filed: December 6, 2006 



AFFIRMED

 Johnny Romo was convicted of felony driving while intoxicated and sentenced as a repeat offender to eleven years in
prison. In this appeal, Romo challenges the use of two 1991 DWI convictions to enhance the current offense to a felony. We
affirm.

 1. In his first point of error Romo contends the trial court erred by failing to apply the DWI enhancement statute enacted in
1993 when Romo was on felony probation for one of the two 1991 convictions and under which both the 1991 convictions
would be too remote to enhance the current offense. We disagree. The current offense was committed on July 25, 2004. On
that date, the 2001 version of section 49.09(e) of the Penal Code, the DWI enhancement statute, applied. See Act of May 25,
2001, 77th Leg., R.S., ch. 648, §§ 3, 4, 2001 Tex. Gen. Laws 1213, 1214 ("The change in law made by this Act applies only
to the enhancement of punishment at the trial of an offense committed on or after the effective date of this Act. ... This Act
takes effect September 1, 2001.").

 2. Romo next argues the trial court erred in denying his motion for an acquittal because applying the DWI enhancement
statute as it existed in 2004, rather than as it existed in 1991 when he was convicted and placed on probation, violates the
United States and Texas Constitutions' prohibition on ex post facto laws. Relying on Scott v. State, 55 S.W.3d 593 (Tex.
Crim. App. 2001), Romo argues the 2001 amendment which expanded the period of time during which his 1991
convictions could be used to enhance a subsequent DWI charge "changes the punishment for a crime after the crime has
been committed ... since it inflicts a greater punishment than did the previous law." In Scott, the State sought to enhance
Scott's punishment for aggravated sexual assault with a 1991 offense for indecency with a child, for which Scott had
received deferred adjudication. Scott, 55 S.W.3d at 595. When Scott was granted deferred adjudication in 1991, the deferred
adjudication statute provided:

 A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or
disabilities imposed by law for conviction of an offense except that.... 

Id. (quoting Tex. Code Crim. Proc. Ann. art. 42.12, § 5(c) as it was in effect in 1991). "None of the exceptions involved the
use of a deferred adjudication to enhance a subsequent offense." Id. By the time Scott committed the aggravated sexual
assault, the deferred adjudication statute had been amended to provide that a grant of deferred adjudication for certain
sexual offenses, including indecency with a child, counts as a conviction for the purpose of enhancing a later sexual
offense.Id. at 595-96. In reviewing Scott's ex post facto challenge to the enhancement, the Texas Court of Criminal Appeals
noted that application of enhancement statutes generally is not ex post factobecause "enhancement statutes penalize the new
criminal offense being enhanced rather than the prior offense used for enhancement." Id. at 597. However, in Scott's case,
the prior deferred adjudication statute "explicitly restrict[ed] the collateral consequences of [the] offense." Id. The court held
Scott's "[p]unishment for the [prior] offense [was] increased by the removal of the statutory restriction, and such an increase
in punishment constitutes an ex post facto law." Id. at 597-98. 

 Romo argues the DWI enhancement statute in effect in 1991 is analogous to the deferred adjudication statute discussed in
Scott. We disagree. Former article 6701l-1 of the Texas Revised Civil Statutes, the statute in effect when Romo committed
his prior offenses and was convicted, provided in part:

 (d) If it is shown on the trial of an offense under this article that the person has previously been convicted one time of an
offense under this article, the offense is punishable by ... 



 (e) If it is shown on the trial of an offense under this article that the person has previously been convicted two or more
times of an offense under this article, the offense is punishable by ... 



 ...



 (i) A conviction may not be used for purpose of enhancement under Subsection (d) or (e) of this article if:



 (1) the conviction was a final conviction under the provisions of Subsections (g) and (h) of this article and was for an
offense committed more than 10 years before the offense for which the person is being tried was committed; and



 (2) the person has not been convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code or
Article 6701l-1, or Article 6701l-2, Revised Statutes, committed within 10 years immediately preceding the date on which
the offense for which the person is being tried was committed. 

Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1575-77, repealed by Act of May 29, 1993,
73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704. (1)

 UnlikeScott, where the deferred adjudication statute expressly limited the future use of Scott's "dismissal and discharge
under this section," former article 6701l-1 merely placed restrictions on what prior convictions could be used to enhance an
offense at that time. It did not place any restrictions on the collateral effects or future use of a conviction obtained under the
statute. Accordingly, the 2001 amendment to the DWI enhancement statute did not increase Romo's punishment for his
prior convictions and is not an ex post facto law.

 3. Romo next contends the State failed to prove the prior convictions needed to enhance the offense to a felony. We
disagree. After the trial court rejected Romo's arguments challenging the trial court's use of the enhancement law in effect at
the time of the current offense, Romo's counsel stated, "since the Court's overruled [my objections], in order to save time
we're going to go ahead and stipulate to the two priors that the State has listed on page one of the indictment." Romo's
stipulation identifies the prior convictions and states "that both of the two prior convictions occurred within the time limits
prescribed in Sec. 49.09(e) Tex. Penal Code." The stipulation was introduced into evidence and the jury was instructed to
find that Romo had twice previously been convicted of DWI as alleged in the indictment. Romo now argues the language of
the stipulation is insufficient to prove felony DWI because the indictment and stipulation refer to "two prior convictions
which the 1993 statute excludes for use in establishing felony jurisdiction because they fall within the time limitations set
out in subsection (e)" and "[n]either the indictment nor the stipulations specify which version of the statute is specified in
the jury's findings." As discussed under the first point of error, the 2001 version of 49.09(e) in effect when the current
offense was committed applies as a matter of law. The State proved the prior convictions by Romo's stipulations. We
therefore overrule the third point of error.

 4. In his final point, Romo argues "[t]he trial court erred by retroactively applying the new rule set out in Getts v. State, 155
S.W.3d 153 (Tex. Crim. App. 2005) to Romo allowing his punishment to be increased through the ex post facto application
of the new Penal Code section 49.09(e) which was construed in Getts." We again disagree. "To even implicate the
retroactivity question, the articulated rule in question must in fact be a 'new' rule." Taylor v. State, 10 S.W.3d 673, 681
(Tex. Crim. App. 2000). "[W]hen a court interprets a statute, the fact that the interpretation has never before been
articulated is not enough for the interpretation to be considered a new rule."Id. "For an interpretation to qualify as a new
rule, the interpretation must have been preceded by an earlier inconsistent interpretation. And the earlier interpretation must
be one that can be viewed as authoritative by the court issuing the subsequent interpretation." Id. at 682. In Getts, the Texas
Court of Criminal Appeals interpreted the 2001 amendment to section 49.09(e) for the first time. The court did not
"overrule[] a prior decision, and in doing so, replace[] a prior interpretation of the statute with an inconsistent
interpretation" but instead interpreted "a legislative change in the statute in question." Taylor, 10 S.W.3d at 682; see Getts,
155 S.W.3d at 155-158, 167. Accordingly, the rule announced in Getts was not a "new rule" and the trial court did not err in
applying it in this case.

 We affirm the trial court's judgment.



 Sarah B. Duncan, Justice



Do not publish



1. Former article 6701l-1(i) was codified in substantively the same form as section 49.09(e) of the 1993 Penal Code. See
Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3698, amended by Act of May 25, 2001,
77th Leg., R.S., ch. 648, § 2, 2001 Tex. Gen. Laws 1213, 1214, and repealed by Act of May 27, 2005, 79th Leg., R.S., ch.
996, § 3, 2005 Tex. Gen. Laws 3365, 3366.