TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00305-CR






Jorge Saucedo, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT

NO. D-1-DC-06-904023, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 A jury convicted appellant Jorge Saucedo of the offense of third-degree felony driving
while intoxicated as enhanced by prior convictions. In two points of error, appellant challenges the
legal sufficiency of the evidence and contends that the enhancement provision of Texas's DWI
statute violates the state and federal constitutional prohibitions on ex post facto laws. Because we
conclude that the evidence is legally sufficient and the enhancement provision does not amount to
an unconstitutional ex post facto application of law, we affirm the judgment of conviction.


FACTUAL BACKGROUND


 On November 23, 2005, Austin Police officers stopped appellant's vehicle for erratic
driving. After failing the field sobriety tests and based on the officers' observations, appellant
was arrested and charged with DWI. He was charged by re-indictment with the enhanced third-degree felony DWI (1) based upon three prior convictions relating to the operating of a motor vehicle
while intoxicated: cause number 0037911 of the County Court at Law No. 1 of Williamson County
on July 26, 2000 ("2000 conviction"); cause number 19,301 of the County Court at Law of Caldwell
County on February 22, 1989 ("1989 conviction"); and cause number 307213 of the County Court
at Law No. 6 of Travis County on September 2, 1988 ("1988 conviction").

 After stipulating to the prior convictions for purposes of the guilt-innocence phase
of the trial, appellant was found guilty of the felony offense of DWI as alleged in the indictment. 
At the punishment phase, appellant pleaded not true to the enhancement provision. After finding
the enhancement allegation true, the jury assessed punishment at ten years' confinement.


DISCUSSION


 Because the current DWI statute was amended in 2005, appellant contends that it
applies only to an offense where all the elements--including prior convictions--are committed after
the effective date of September 1, 2005, and that its application to convictions prior to that date
violates the constitutional prohibition against ex post facto laws. As a consequence, appellant
contends that his 2005 conviction should not be enhanced from a Class B misdemeanor to a third-degree felony, but should only be enhanced to a Class A misdemeanor because the pre-2005 version
of section 49.09(a) would have only permitted appellant's 2000 conviction to be used for
enhancement. The State responds that the evidence is legally sufficient and does not violate the
prohibition against ex post facto laws because the legislature, when it amended the DWI
enhancement statute in 2005, did not redefine criminal conduct or increase the punishment after
appellant committed the underlying offense and thus the three prior convictions may be used to
enhance the offense to a felony.

 The current offense was allegedly committed on November 23, 2005, for which
the State indicted appellant for the offense of DWI. Such an offense is a Class B misdemeanor (2)
unless it is shown that the offender has a previous conviction for a similar offense. A showing of
one previous conviction enhances the offense to a Class A misdemeanor; (3) two previous convictions
enhance the offense to a felony of the third degree. (4) On the date of appellant's offense, the 2005
version of section 49.09 of the penal code, the DWI enhancement statute, applied. Tex. Penal Code
Ann. § 49.09 (West Supp. 2006). On both September 2, 1988, and February 22, 1989--two of the
dates on which appellant engaged in his previous criminal conduct--enhancements were governed
by former article 6701l-1 of the Revised Texas Statutes. That statute provided for enhancement for
prior convictions as follows:


 (h) For the purposes of this article, a conviction for an offense that occurs on or
after January 1, 1984, is a final conviction, whether or not the sentence for the
conviction is probated.


 (i) A conviction may not be used for the purpose of enhancement under
Subsection (d) or (e) of this article if:


 1. the conviction was a final conviction under the provisions of
Subsections (g) and (h) of this article and was for an offense
committed more than 10 years before the offense for which the person
is being tried was committed; and


 2. the person has not been convicted of an offense under Subdivision
(2), Subsection (a), Section 19.05, Penal Code, or Article 6701l-1, or
Article 6701l-2, Revised Statutes, committed within 10 years
immediately preceding the date on which the offense for which the
person is being tried was committed.



Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-77, repealed
by Act of May 19, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (codified
as amended at Tex. Penal Code Ann. § 49.09 (West Supp. 2006)).

 After appellant's 1988 and 1989 convictions, Texas changed its law concerning
which individuals committing DWI offenses were subject to jurisdictional and punishment
enhancements resulting from their prior DWI convictions. Under the current version of the statute,
which is the version applicable to appellant's current charge, any prior DWI conviction, regardless
of when it occurred, may be used to enhance the charge to achieve felony jurisdiction and increase
punishment. See Tex. Penal Code Ann. § 49.09(b)(2), (d); see also Act of May 25, 2005, 79th Leg.,
R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364 (eff. Sept. 1, 2005) (repealing former penal
code section 49.09(e), which rendered certain prior convictions unavailable for enhancement in part
due to remoteness). This new version of the DWI enhancement statute took effect on September 1,
2005.  Id.

 Both the United States and Texas Constitutions prohibit the State from applying an
ex post facto law, and the same standard is employed under both provisions. U.S. Const. art. I, § 10,
cl. 1; Tex. Const. art. I, § 16; Grimes v. State, 807 S.W.2d 582, 586 (Tex. Crim. App. 1991). The
ex post facto clauses prohibit four types of laws: (1) laws that make an action done before the
passing of the law, and which was innocent when done, criminal, and punishes such action; (2) laws
that aggravate a crime, or make it greater than it was, when committed; (3) laws that change the
punishment and inflict a greater punishment than the law assigned to the crime when it was
committed; and (4) laws that alter the legal rules of evidence to receive less or different testimony
than the law required at the time of the commission of the offense in order to convict the offender. 
Carmell v. Texas, 529 U.S. 513, 521 (2000) (quoting Calder v. Bull, 3 U.S. 386, 390 (1798)). When
we engage in an ex post facto analysis, our sole concern is whether the statute at issue assigns more
severe criminal or penal consequences to an act than did the law in place when the act occurred. 
Grimes, 807 S.W.2d at 587. The act at issue is the conduct leading to the current criminal charge. 
Jordan v. State, 56 S.W.3d 326, 332 (Tex. App.--Houston [1st Dist.] 2001, pet. ref'd).

 Appellant's conduct at issue in this appeal occurred on November 23, 2005,
more than two months after the new statute took effect on September 1, 2005. By permitting the
State to use appellant's 1988 and 1989 convictions in addition to the 2000 conviction to enhance
his current charge to a felony, appellant argues that the 2005 changes to the DWI enhancement
statute violate the constitutional prohibition against ex post facto laws. Because the convictions
were too remote and therefore not available for enhancement under article 6701l-1, appellant argues
that the removal of the time limitation in the 2005 version of the statute is unconstitutional because
it increases the punishment for those prior criminal acts beyond what the law permitted at the time
of their commission. For this argument, appellant relies on Scott v. State, 55 S.W.3d 593
(Tex. Crim. App. 2001).

 In Scott, the defendant received deferred adjudication for a charge of indecency with a
child. At that time, the deferred adjudication statute provided in part: "'dismissal and discharge
under this section may not be deemed a conviction for the purposes of disqualifications or disabilities
imposed by law for conviction of an offense.'" Id. at 595 & n.3 (quoting Tex. Code Crim. Proc.
Ann. art. 42.12, § 5(c) as it was in effect in 1991). The defendant was later charged with aggravated
sexual assault and, by that time, the deferred adjudication statute had been amended to allow
deferred adjudication for certain sexual offenses, including indecency with a child, to be used as a
conviction for the purpose of enhancing a later sexual offense. Id. at 595-96. The court of criminal
appeals first observed that "[t]he resolution of criminal charges will always carry the possibility of
collateral consequences, and as long as those consequences are not statutorily restricted, disabilities
and disqualifications which the defendant might not have anticipated may proceed from the prior
cause." Id. at 597. But the court held that the change in the deferred adjudication statute constituted
an ex post facto law because the prior deferred adjudication statute contained an express and
complete restriction on the collateral consequences of the offense and, therefore, when that
restriction was removed, defendant's punishment for his prior offense was increased. Id. at 597-98.

 This case is distinguishable from Scott because article 6701l-1 never contained an
express and complete restriction on collateral consequences such as that found in the deferred
adjudication statute in Scott. See Romo v. State, No. 04-05-00602-CR, 2006 Tex. App. LEXIS
10403, at *4-5 (Tex. App.--San Antonio 2006, no pet.) (mem. op., not designated for publication). 
In Romo, the San Antonio court of appeals, addressing the 2001 version of the statute, distinguished
identical circumstances as exist here from those in Scott:


 Unlike Scott, where the deferred adjudication statute expressly limited the future use
of Scott's "dismissal and discharge under this section," former article 6701l-1 merely
placed restrictions on what prior convictions could be used to enhance an offense at
that time. It did not place any restrictions on the collateral effects or future use of a
conviction obtained under the statute. Accordingly, the 2001 amendment to the DWI
enhancement statute did not increase Romo's punishment for his prior convictions
and is not an ex post facto law.


Id. at *5.

 We find this reasoning persuasive. We hold that the ten-year time limitation on the
use of prior DWI convictions found in article 6701l-1 was not an explicit guarantee that those
convictions could not be used in the future, but only a restriction on what prior convictions could be
used to enhance a DWI offense at that time. Therefore, by removing all time limitations on the use
of prior DWI convictions to enhance current DWI charges, the 2005 changes to the DWI
enhancement statute did not increase appellant's punishment for the prior convictions and is not an
ex post facto law. See id.; see also State v. Pieper, No. 14-06-00368-CR, 2007 Tex. App. LEXIS
3089, at *16 (Tex. App.--Houston [14th Dist.] Apr. 24, 2007, no pet. h.).

 For the same reason, we reject appellant's legal sufficiency argument that the current
version of section 49.09 does not apply to his case because the prior convictions are elements of the
current offense and, therefore, some of the elements occurred before the effective date of the new
law. In support of this argument, appellant relies on Getts v. State, 155 S.W.3d 153, 155-56
(Tex. Crim. App. 2005), in which the court applied the 2001 version of the statute and found that
the defendant was not guilty of a felony offense because then-section 49.09(e) prohibited the use for
enhancement of a 1984 conviction. Id. at 157. In Getts, the defendant was charged with a DWI
committed in 2002 and the court properly applied the statute then in effect, including the provisions
of 49.09(e) which prohibited the use for enhancement of relevant offenses not occurring within ten
years of the charged offense. Section 49.09(e) was in effect until September 1, 2005, when it was
repealed. See Act of May 21, 2001, 77th Leg., R.S., ch. 638, § 2, 2001 Tex. Gen. Laws 1213, 1214,
repealed by Act of May 25, 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3363, 3364. 
We therefore apply the statute in effect at the time of the commission of the offense, which was the
statute as amended effective September 1, 2005; this current version of the statute does not contain
the remoteness restrictions found in former section 49.09(e).

 Although the instant offense was committed on November 23, 2005, appellant urges
that the old law should apply because the prior offenses are elements of the current offense. Because
some elements of the offense occurred before the effective date of the new law, he urges that the
old law applies. This argument has been previously rejected. See Weaver v. State, 87 S.W.3d 557,
560-61 (Tex. Crim. App. 2002); Rawson v. State, No. 03-03-00336-CR, 2005 Tex. App. LEXIS
7190, at *8 (Tex. App.--Austin 2005, no pet.) (mem. op., not designated for publication). As the
court of criminal appeals in Weaver observed, penal code sections 49.04 and 49.09(b) define the
offense of felony DWI. 87 S.W.3d at 560. Section 49.09(b) makes an offense under 49.04 a third-degree felony under certain circumstances. Neither of these sections underwent any changes in the
2001 legislation affecting the elements of the offense. The section about which appellant
argues--section 49.09(e)--does not define an element of the offense. Id. at 561. All of the elements
of the offense were committed after September 1, 2005, and the new version of the statute applies.


CONCLUSION


 Because the 2005 version of the DWI enhancement statute is not an ex post facto law
as applied to appellant and the evidence is legally sufficient, we hold that the trial court did not err
in applying the 2005 version of the statute to appellant allowing enhancement to a felony-level
offense. We overrule appellant's points of error and affirm the judgment of conviction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: May 30, 2007

Do Not Publish
1. See Tex. Penal Code Ann. § 12.42(a)(3) (West Supp. 2006), § 49.04(a) (West 2003),
§ 49.09(b)(2) (West Supp. 2006). The indictment also alleged that appellant had been previously
convicted of felony robbery, thus elevating the charge to a second-degree felony.
2. See Tex. Penal Code Ann. § 49.04(b).
3. See id. § 49.09(a).
4. See id. § 49.09(b)(2).