IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1065-07






BETH SUZANNE LANDERS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


LAMAR COUNTY





 Keller, P.J., filed a concurring opinion.


 When the State assures an accused that exercising a certain right will carry no penalty, due
process prevents the State from imposing a penalty later on. The constitutional protection at issue
in this case is a variant of that due process requirement.

 In Doyle v. Ohio, the United States Supreme Court held that a prosecutor could not impeach
a defendant with his post-arrest, post-Miranda silence. (1) The Court held that the Miranda (2) warnings
contained the implicit assurance "that silence will carry no penalty." (3) Similarly, the attorney-client
relationship, created by the State and defined in part by the Disciplinary Rules of Professional
Conduct, entails certain assurances to a lawyer's clients that the State is not at liberty to violate at
a later date.

 At issue here are two of those assurances: (1) that an attorney who chooses to represent a
client in one case will not switch sides in that case or represent an adverse party in a substantially
related case, (4) and (2) that an attorney will not divulge any confidences made to him by his client or
use those confidences in a manner adverse to the client. (5) The "substantially related" portion of the
first category has been mingled with the second category in cases from other jurisdictions, in the
Court's opinion, and even in the comments to the disciplinary rules, (6) but under due process, there
are distinctions between the two categories that are important for purposes of appellate analysis. 

 The "same case" includes any subsequent proceedings in that case, such as a revocation
proceeding after probation was imposed (7) or a retrial after reversal on appeal. For due process
purposes, cases are "substantially related" when they are different causes of action but arise from the
same events. A defendant who kills another individual may be sued for wrongful death in a civil
action and also prosecuted for murder in a criminal prosecution. Or a defendant may commit several
crimes in a single transaction, and the State may choose to try each of those crimes separately. In
these situations the defendant has a reasonable expectation that his attorney, if involved in the
subsequent proceeding, will remain on his side. A violation of this expectation is treated as an actual
conflict of interest, so that "no specific prejudice need be shown by the defendant." (8) 

 But a case is not substantially related merely because the same type of crime is alleged to be
involved. The "substantially related" provision is a broader version of the "same case" provision,
not one that is different in kind. And a prior conviction does not become part of a case - or
substantially related to it - by virtue of being useable for jurisdictional or enhancement purposes or
admissible at the punishment phase of the subsequent prosecution. A defendant's reasonable
expectations do not include precluding his attorney from being a prosecutor in a case arising from
some new crime yet to be committed, or even from a crime that has already been committed but
involves a different incident than the offense on which he is being represented.

 That leads me to the second category of assurances. Even when the cases are not the same
or substantially related for due process purposes, a defendant may still reasonably expect that his
attorney will not use confidential information against him at a later time. A prosecutor who
possesses confidential information from a prior case in which he was the defendant's attorney is
barred from using that information against the defendant unless the information has become
generally known (9) or some other exception to the prohibition against using confidential information
applies. (10) The bar to using confidential information does not disqualify the prosecutor from
prosecuting the case. The defendant's remedy is to preclude the prosecutor from using the
confidential information. And the use of confidential information does not automatically amount
to reversible error: the defendant must have suffered prejudice. (11) 

 The present case is not the same as, or substantially related to, appellant's prior case in which
the prosecutor was her defense attorney, so there was no actual conflict of interest resulting in a
presumption of prejudice. And the prosecutor did not improperly use confidential information
against appellant. Under these circumstances, I would find no due process violation.

 Finally, I would refrain from using any language that refers to the "trial court's discretion"
to disqualify the prosecutor. (12) This Court has not decided whether a trial court has the power to
recuse a prosecutor on the basis of his prior service as defense counsel - even in the same case. (13) 
Regardless, a properly preserved complaint could become the basis for a reversal on appeal. (14) 
Because appellant's due process rights were not violated, we need not address the issue of who had
the authority at trial to accord the remedy appellant sought.

 With these comments, I concur in the Court's judgment.


Delivered: June 18, 2008

Publish 



 
1. 426 U.S. 610, 617-19 (1976).
2. Miranda v. Arizona, 384 U.S. 436 (1966).
3. Doyle, 426 U.S. at 618. An analogous scenario in the ex post facto context was
confronted by this Court in Scott v. State, 55 S.W.3d 593 (Tex. Crim. App. 2001), where this
Court held that the State could not use a successfully completed deferred adjudication for
enhancement purposes when, at the time Scott was placed on deferred adjudication, the deferred
adjudication statute said that a completed deferred adjudication would not be considered a
conviction for the purpose of disqualifications or disabilities imposed by law for a conviction.
4. Tex. Disc. R. Prof'l Conduct 1.09(a)(3).
5. Id., 1.05(b)(1), (3).
6. See id., 1.09, comment 4B.
7. Ex parte Spain, 589 S.W.2d 132, 134 (Tex. Crim. App. 1979).
8. Id.
9. Disc. R. 1.05(b)(3).
10. Id., 1.05(b)(3), (c) - (f).
11. Whether the prejudice requirement is analyzed as a component of the due process
violation or as a separate harm analysis and what standard should be used for determining
prejudice are issues that we need not decide in this case.
12. See Court's op. at 12,
13. See State ex rel. Eidson v. Edwards, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990)(plurality
opinion).
14. State ex. rel. Young v. Sixth Court of Appeals, 236 S.W.3d 207, 211 n.15 (Tex. Crim.
App. 2007).