# NO. 12-07-00413-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DANNY GENE CROCKER,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *OPINION*

Appellant, Danny Gene Crocker, was convicted on his plea of guilty to felony driving while intoxicated by the trial court after the trial court denied his pretrial motion to quash the two enhancement allegations in the indictment. The trial court assessed Appellant's punishment at imprisonment for three years, probated for three years, in accordance with the plea agreement. In two issues, Appellant challenges the legal sufficiency of the evidence and contends that the enhancement provision of the Texas DWI statute violates the federal and state constitutional prohibitions of ex post facto laws. The trial court's certification limited his appeal to the ex post facto issue, which was raised in his pretrial motion. We affirm.

### BACKGROUND

Appellant was previously convicted of DWI on July 7, 1992 in Wood County, Texas and on March 22, 1993 in Kaufman County, Texas.

Appellant was charged with a third DWI alleged to have been committed on March 4, 2006,

and he was thereafter indicted for felony DWI.[1]  In order to establish felony jurisdiction, the State alleged Appellant's two prior DWI convictions.

On July 7, 1992 and March 22, 1993, the dates Appellant committed the two prior DWI offenses alleged in the indictment, the penalty enhancement for previous DWI conviction was governed by former article 6701-1 of the Revised Texas Statutes.  Article 6701-1 provided that a DWI conviction for an offense committed more than ten years before the commission of the offense for which the defendant was being tried could not be used for enhancement unless the defendant had committed certain crimes within the ten years preceding that date.  Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-77, *repealed by* Act of May 19, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (codified as amended at TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2007)).

In 2005, the law was changed to provide that any prior DWI conviction, whenever it occurred, may be used to invoke felony jurisdiction and increase punishment.  *See* TEX. PENAL CODE ANN. § 49.09(b)(2), (d) (Vernon Supp. 2007); *see also* Acts 2005, 79th Leg., R.S., ch. 996, § 3, 2005 Tex. Gen. Laws 3365, 3366, eff. Sept. 1, 2005 (repealing former penal code section 49.09(e), which rendered certain prior convictions unavailable for enhancement).

## EX POST FACTO LAW

Appellant contends that the 2005 amendment that purports to permit the use of his prior DWI convictions, both antedating the charged offense by more than ten years, violates the constitutional proscription against ex post facto laws.  Therefore, he argues, the trial court erred in denying his motion to quash the enhancement allegations.

### Standard of Review and Applicable Law

A trial court's ruling on a motion to quash is reviewed for abuse of discretion.  ***Jordan v. State***, 56 S.W.3d 326, 329 (Tex. App.–Houston [1st Dist.] 2001, pet. ref'd)(citing ***Thomas v. State***, 621 S.W.2d 158, 163 (Tex. Crim. App. [Panel Op.] 1980)).

Both the United States and Texas constitutions prohibit Texas from applying any ex post

---

[1] *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (Vernon Supp. 2007).

facto law. U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16. Texas courts interpret the ex post facto prohibition in the Texas Constitution to have the same meaning as that in the federal constitution. *Grimes v. State*, 807 S.W.2d 582, 585-86 (Tex. Crim. App.1991). Consequently, the ex post facto proscription in both constitutions prohibits (1) every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) every law that aggravates a crime, or makes it greater than it was, when committed; (3) every law that changes the punishment and inflicts a greater punishment than the law annexed to the crime when it was committed; (4) every law that alters the rules of evidence to require less, or different, testimony, than the law required at the time of the commission of the offense in order to convict the offender. *Carmell v. Texas*, 529 U.S. 513, 522, 120 S. Ct. 1620, 1627, 146 L. Ed. 2d 577 (2000). The sole concern of the appellate court engaged in an ex post facto analysis is whether the statute in question assigns more severe criminal or penal consequences to an act than did the law in place when the act occurred, and it is irrelevant whether the statutory change touches any vested rights. *Grimes*, 807 S.W.2d at 587.

## Analysis

The United States Supreme Court and the Texas Court of Criminal Appeals have both held that enhancement statutes penalize the new criminal offense being enhanced and not the prior offense used for enhancement. "The punishment is for the new crime only, but is the heavier if he is an habitual criminal. . . . The statute, imposing a punishment on none but future crimes, is not ex post facto." *Scott v. State*, 55 S.W.3d 593, 597 (Tex. Crim. App. 2001) (quoting *McDonald v. Massachusetts*, 180 U.S. 311, 312-13, 21 S. Ct. 389, [390,] 45 L. Ed. 542 (1901)).

*Scott* is the case relied on by Appellant. Scott had pleaded guilty in 1991 to the offense of indecency with a child. He successfully completed the deferred adjudication he received but was later convicted of aggravated sexual assault. Over a defense ex post facto objection, the trial court permitted the State to use the appellant's successfully completed deferred adjudication to enhance the punishment for the new offense. Scott pleaded true to the enhancement allegation and received a mandatory life sentence. *Scott*, 55 S.W.3d at 595.

When Scott pleaded guilty in 1991, the deferred adjudication statute provided that a discharged deferred adjudication would not be considered a conviction except in certain

3

circumstances, none of which involved the use of a deferred adjudication to enhance a subsequent offense. *Id***.** In 1997, the law was amended to allow a deferred adjudication for certain crimes to count as a conviction "regardless of whether the sentence was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision[.]" TEX. PENAL CODE ANN. § 12.42(g)(1) (Vernon Supp. 2007).

Scott appealed claiming the use of the prior deferred adjudication violated the United States Constitution's prohibition against ex post facto laws. The court of criminal appeals acknowledged that in its previous decisions addressing the issue of prior crimes used to enhance punishment, it had declined to find an ex post facto violation. *Scott*, 55 S.W.3d at 597. In *Scott*, however, the court held that the statute in effect in 1991 when Scott received deferred adjudication contained an "explicit limitation on the collateral consequences of deferred adjudication," and that Scott was entitled to rely on that restriction. *Id.* "Punishment for the [earlier] offense is increased by the removal of the statutory restriction, and such an increase in punishment constitutes an *ex post facto* law." *Id.* at 597-98.

In his motion to quash and on appeal, Appellant insists that the time limitations on the use of a DWI conviction also constituted an "explicit statutory restriction" on which he, like Scott, was entitled to rely. In his view, the 2005 amendment to the DWI enhancement statute is an ex post facto law, because it increased the punishment for the prior DWI convictions beyond what the law permitted at the time of their commission. Other courts of appeal have addressed the identical argument that the removal of the ten year time limitation on the use of prior convictions for enhancement in DWI cases is analogous to the amendment regarding deferred adjudication discussed in *Scott* removing the prohibition of their use for enhancement purposes. Without exception, the courts considering the question have held that the former ten year time limitation on the use of DWI convictions "was not an explicit guarantee that those convictions could not be used in the future, but only a restriction on what prior convictions could be used to enhance an offense at that time." *State v. Pieper*, 231 S.W.3d 9, 15 (Tex. App.–Houston [14th Dist.] 2007, no pet.); *see also* *Saucedo v. State*, No. 03-06-00305-CR, 2007 WL 1573948, at *4 (Tex. App.–Austin May 30, 2007, no pet.) (mem. op., not designated for publication); *Romo v. State*, No. 04-05-00602-CR, 2006 WL 3496933, at *2 (Tex. App.–San Antonio 2006, no pet.) (mem. op., not designated for publication). We believe

*Pieper* was correctly decided, and we adopt its holding. Therefore, we conclude that the 2005 changes did not increase Appellant's punishment for his prior convictions and did not constitute an ex post facto law. Appellant's second issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant contends "[t]he evidence was legally insufficient to support the conviction, because the two prior DWI convictions used to enhance the offense to a felony were an element of the offense and occurred prior to the [2005] enactment of the statute." In our disposition of Appellant's second issue, we held that the 2005 enactment deleting the ten year limitation on the use of DWI convictions was not an ex post facto law, and therefore their use to enhance Appellant's punishment was proper. Moreover, the trial court did not give Appellant permission to appeal matters except those raised by written motion and ruled on before trial, and Appellant did not raise the issue of the insufficiency of the evidence in his motion to quash. *See* TEX. R. APP. P. 25.2(a)(2). Therefore, we lack jurisdiction to consider this issue. *See **Chavez v. State***, 183 S.W.3d 675, 679 (Tex. Crim. App. 2006) (procedures in Texas Rule of Appellate Procedure 25.2 must be followed to invoke appellate jurisdiction).

## DISPOSITION

The judgment of the trial court is ***affirmed***.

BILL BASS
Justice

Opinion delivered July 16, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)

5