**Opinion issued April 23, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00754-CR

———————————

**LORENZO TIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 208th District Court**
**Harris County, Texas**
**Trial Court Cause No. 458204**

## MEMORANDUM OPINION

On February 1, 1987, appellant, Lorenzo Timmons, pleaded nolo contendere to the offense of aggravated sexual assault of a child. The trial court deferred adjudication and placed appellant on community supervision for ten years. On April 10, 1997, the trial court signed an order stating that appellant had

"unsatisfactorily" completed his term of community supervision, namely, that he had completed his 10-year term but had not paid the costs as ordered.[1] On August 6, 2012, appellant filed a notice of appeal. We dismiss the appeal for lack of jurisdiction.

To the degree appellant seeks to appeal from the trial court's order placing him on deferred adjudication community supervision, even if the order is appealable,[2] appellant's notice of appeal was untimely filed. The record reflects that appellant's sentence was suspended on April 1, 1987. Therefore, a notice of appeal was due on or before May 1, 1987. *See* TEX. R. APP. P. 26.2(a). Appellant did not file his notice of appeal until 25 years later, on August 6, 2012.

In addition, to the degree appellant challenges the trial court's April 1, 1997 order on the completion of his community supervision, appellant's notice of appeal filed 15 years later, on August 6, 2012, was untimely filed. *See id.*

Because appellant's notice of appeal was untimely filed, we have no basis for jurisdiction over the appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

---

[1] The trial court did not fill out the portion of the boilerplate form concerning adjudication or dismissal of the case.

[2] Prior to November 3, 1987, appellate review of an order deferring adjudication was precluded. *See Olowosuko v. State*, 826 S.W.2d 940, 943 (Tex. Crim. App. 1992); *Kite v. State*, 788 S.W.2d 403, 404–05 n.1 (Tex. App.—Houston [1st Dist.] 1990 no pet.) (stating that "[p]rior to November 3, 1987, appellate courts had no jurisdiction to hear the appeal of a defendant who received deferred adjudication.").

2

Appellant complains that he successfully completed deferred adjudication in this case and that this offense is being improperly used to enhance punishment in another case. Appellant complains that the statutory provision permitting such enhancement did not exist at the time adjudication was deferred. *See Scott v. State*, 55 S.W.3d 593, 594–98 (Tex. Crim. App. 2001). This issue is not properly raised in a direct appeal from this case. *See e.g.*, *Martinez v. State*, No. 05-00-00517-CR, 2002 WL 257697, at *4 (Tex. App.—Dallas Feb. 25, 2002, no pet.) (not designated for publication) (considering whether statute in effect at time of defendant's prior placement on deferred adjudication applied to preclude use of such deferred adjudication to enhance his punishment in subsequent offense).

On February 25, 2013, we notified appellant of our intent to dismiss the appeal for lack of jurisdiction unless he showed grounds for continuing the appeal. Appellant did not respond.

We dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).