**Ricker MUNOZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–03–00085–CR.

Court of Appeals of Texas,
El Paso.

April 15, 2004.

M. Clara Hernandez, El Paso County Public Defender, El Paso, for Appellant.

Jaime E. Esparza, District Attorney, El Paso, for State.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

### *OPINION*

SUSAN LARSEN, Justice.

Ricker Munoz was indicted for assaulting a member of his family or household. Punishment for the offense was en-

hanced by a prior conviction. Munoz pleaded guilty and was sentenced, in accordance with a plea agreement, to five years' imprisonment, probated for five years. Because the enhancement of Munoz's punishment violated the constitutional proscription against *ex post facto* laws, we reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Munoz was charged with assaulting Nanette Munoz. He pleaded guilty and received deferred adjudication probation. Although the information did not allege that Nanette was a family member, the judgment includes a finding that the offense involved family violence. Munoz complied with all the terms of his probation. Consequently, when the probationary period expired, the trial court signed an order discharging him from probation and ordered him "released from all penalties resulting from the Judgment of Conviction."

In 2002, Munoz was again charged with assaulting Nanette Munoz. The indictment alleged that Nanette was a member of Munoz's family or household. Relying on the 1997 case, the indictment also alleged that Munoz had previously been convicted of assaulting a member of his family or household. The effect of this allegation was to change the 2002 offense from a class-A misdemeanor to a third-degree felony. *See* TEX. PEN.CODE ANN. § 22.01(b)(2) (Vernon Supp.2004) (providing that assault is enhanced from a class-A misdemeanor to a third-degree felony if it is committed against a member of the defendant's family or household and the defendant was previously convicted of assaulting a member of his family or household).

Munoz filed a motion to dismiss the indictment for lack of jurisdiction. He argued that using the 1997 conviction to increase the punishment for the 2002 offense would violate the *ex post facto* proscriptions of the United States and Texas Constitutions. He also asserted that because the family-violence finding in the 1997 judgment was not made by a jury beyond a reasonable doubt, it could not be used to increase his punishment for the 2002 offense under the Supreme Court's holdings in *Apprendi v. New Jersey* and *Ring v. Arizona. See Ring v. Arizona,* 536 U.S. 584, 609, 122 S.Ct. 2428, 2443, 153 L.Ed.2d 556 (2002); *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000).

The court ruled that the State could not use the finding in the 1997 judgment to prove that the assault was against a member of Munoz's family or household, but the State could prove that fact by other means. In all other respects, the court denied the motion to dismiss.

### *EX POST FACTO* VIOLATION

In his second issue, Munoz argues that using the 1997 conviction to increase the punishment for this offense violated the *ex post facto* proscriptions of the United States and Texas Constitutions. *See* U.S. CONST. art. I, § 10, cl. 1; TEX. CONST. art. I, § 16. This issue is controlled by *Scott v. State,* 55 S.W.3d 593 (Tex.Crim.App.2001).

In *Scott,* the Court of Criminal Appeals addressed the following question: "Can a successfully completed deferred adjudication be used to enhance punishment for a later offense when the provision permitting such enhancement did not exist at the time adjudication was deferred?" In a unanimous opinion, the court answered this question in the negative. *Scott,* 55 S.W.3d at 594.

The Penal Code provides that a defendant who is convicted of aggravated sexual assault must be sentenced to life imprisonment if he was previously convicted of indecency with a child. *See* TEX. PEN CODE ANN. § 12.42(c) (Vernon Supp.2004); § 21.11 (Vernon 2003); § 22.021 (Vernon Supp.2004). Scott pleaded guilty to indecency with a child in exchange for deferred adjudication. *Scott,* 55 S.W.3d at 595. When he entered his plea, the Code of Criminal Procedure stated that a dismissal and discharge from deferred adjudication could not be deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of an offense. *Id.* at 595; *see also* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(c) (Vernon Supp.2004). This language prohibits using a successfully completed deferred adjudication to enhance punishment for a subsequent offense. *Scott,* 55 S.W.3d at 596–97.

Scott successfully completed his deferred adjudication probation. *Id.* at 595. Thereafter, the Legislature amended the Penal Code to make a successfully completed deferred adjudication count as a previous conviction for purposes of enhancing the punishment for aggravated sexual assault to life imprisonment. *See id.* at 595–96. The amendment provided:

[A] defendant has been previously convicted … if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.

TEX. PEN.CODE ANN. § 12.42(g)(1) (Vernon Supp.2004). The Legislature also amended the Code of Criminal Procedure to make section 12.42(g) an exception to article 42.12, section 5(c). *Scott,* 55 S.W.3d at 596. Scott was subsequently convicted for aggravated sexual assault, and the State used his previous deferred adjudication "conviction" to enhance his punishment to life imprisonment. *Id.* at 595.

The Court of Criminal Appeals held that the enhancement of Scott's punishment was an *ex post facto* violation. *Id.* at 597–98. The court stated that when he entered his guilty plea, Scott was entitled to rely on the language in article 42.12, section 5(c), that explicitly limited the collateral consequences of deferred adjudication. *Id.* at 597.

In this case, when Munoz pleaded guilty in 1997, section 22.01(b) of the Penal Code provided that assault was a class-A misdemeanor, but was enhanced to a state jail felony if it was committed against a family member and the defendant had two or more previous convictions for offenses against family members. Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 27.01, 1997 Tex. Gen. Laws 327, 556. As in *Scott,* article 42.12, section 5(c), of the Code of Criminal Procedure stated that a dismissal and discharge from deferred adjudication could not be deemed a conviction for purposes of disqualifications or disabilities imposed by law for conviction of an offense. Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 1, 1997 Tex. Gen. Laws 2250, 2251.

In 1999, the Legislature amended section 22.01(b) to elevate assault from a class-A misdemeanor to a third-degree felony if it is committed against a member of the defendant's family or household and the defendant was previously convicted of assaulting a member of his family or household. Act of May 26, 1999, 76th Leg., R.S., ch. 1158, § 1, 1999 Tex. Gen. Laws 4063, 4063. The Legislature also

added a new subsection (f) to section 22.01. *Id.,* 1999 Tex. Gen. Laws at 4063–64. This subsection is almost identical to the amendment discussed in *Scott.* It states:

> [A] defendant has been previously convicted of an offense against a member of the defendant's family or a member of the defendant's household ... if the defendant was adjudged guilty of the offense or entered a plea of guilty or nolo contendere in return for a grant of deferred adjudication, regardless of whether the sentence for the offense was ever imposed or whether the sentence was probated and the defendant was subsequently discharged from community supervision.

TEX. PEN.CODE ANN. § 22.01(f) (Vernon Supp.2004).

Because section 22.01(f) did not exist when Munoz pleaded guilty in 1997, we conclude that when Munoz entered his 1997 plea, he, like Scott, was entitled to rely on the language in article 42.12, section 5(c), which explicitly limited the collateral consequences of deferred adjudication. Therefore, as in *Scott,* the enhancement of Munoz's punishment constituted an *ex post facto* violation.[1]

### CONCLUSION

For the reasons stated herein, we sustain Munoz's second issue. The trial

court's judgment is reversed and the cause is remanded for further proceedings.[2]

1. The State concedes that an *ex post facto* violation occurred.

2. In his first issue, Munoz argues that the enhancement of his punishment violated *Apprendi* and *Ring.* Since he could only be convicted of a class-A misdemeanor without the enhancement, Munoz argues that the trial court—a district court—lacked jurisdiction. *See* TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon Supp.2004) (providing that district courts generally have jurisdiction only over felonies). We do not agree that this is a jurisdictional issue. The presentment of an indictment invests a district court with jurisdiction over the cause. TEX. CONST. art. V, § 12(b). When the face of the indictment charges a felony, the district court does not lose jurisdiction if the State is only able to prove a misdemeanor. *See* TEX.CODE CRIM. PROC. ANN. art. 4.06 (Vernon 1977); *Jones v. State,* 502 S.W.2d 771, 773–74 (Tex.Crim.App.1973); *McKenzie v. State,* 159 Tex.Crim. 345, 346–47, 263 S.W.2d 562, 562–63 (1953); *Mueller v. State,* 119 Tex.Crim. 628, 629–30, 43 S.W.2d 589, 590 (1931). Because Munoz's *Apprendi/Ring* argument does not raise a jurisdictional issue or a basis for acquittal, we find it unnecessary to address the merits of Munoz's first issue.