COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-08-026-CR

 



DERRICK KEITH COOKE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

                                              ------------

 

        FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                                 AND

                                        NO.  2-08-027-CR

 

EX PARTE DERRICK KEITH
COOKE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                                 AND

                                        NO.  2-08-212-CR

 

DERRICK
KEITH COOKE                                                        APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM THE 355th DISTRICT
COURT OF HOOD COUNTY

 

                                              ------------

 








                             MEMORANDUM OPINION[1] ON

                 PETITION FOR
DISCRETIONARY REVIEW

 

                                              ------------

 

After reviewing Appellant=s
petition for discretionary review, we withdraw our May 21, 2009 opinion and
judgment and substitute the following.

                                            Introduction

In these consolidated appeals from Appellant=s
adjudication on one indictment for family assault, his conviction on a second
indictment for family assault, and the denial of his petition for writ of
habeas corpus, Appellant Derrick Keith Cooke argues that enhancing his 2002
family assault adjudication and 2008 family assault conviction from
misdemeanors to felonies by virtue of a 1999 family assault conviction violated
the constitutional prohibition on ex post facto laws and that the trial court
abused its discretion by proceeding to adjudication on the 2002 offense.  We affirm.

                                            Background

1.     The first indictment








In 2002, a grand jury indicted Appellant for
assault causing bodily injury to a family member.  The indictment also alleged a 1999 conviction
from New Mexico for assault causing bodily injury to a family member.  Pursuant to a plea bargain, Appellant pled guilty
to the charged offense, which the written plea admonishments identified as a
third degree felony.  The trial court
placed him on deferred adjudication community supervision for five years.

2.     The petition to proceed to adjudication and
the second indictment

In August 2007, the State filed a petition to
proceed to adjudication, alleging that Appellant had violated the terms of his
deferred adjudication community supervision by assaulting and causing injury to
a family member in June 2007 and by failing to report to his community
supervision officer for several months in 2003, 2006, and 2007.  A grand jury also returned another indictment
for assault causing bodily injury to a family member arising from the 2007 alleged
offense.  The indictment contained an
enhancement paragraph alleging that Appellant had been convicted of assault
causing bodily injury to a family member in the first case in 2002.

3.     Adjudication on the first indictment








Appellant pleaded Anot true@ to the
allegations in the State=s petition to proceed to
adjudication.  He also filed a petition
for writ of habeas corpus, arguing that penal code sections 22.01(b)(2) and
(f)(1), when read together, violate the constitutional prohibitions on ex post
facto laws.  Appellant offered into
evidence a AFinal Order on Criminal
Complaint@ from the New Mexico court,
which states that the court found Appellant guilty of aggravated battery
against a household member but deferred sentence, and that Appellant had
fulfilled all terms and conditions of the deferred sentence.  The trial court denied his petition.

At the hearing on the State=s
petition, Monica Vickers testified that Appellant and his wife, C.C., are her
neighbors and that C.C. is her friend. 
She said that on June 18, 2007, she received a call on her cell phone
from C.C.  Vickers testified that when
she answered the phone, C.C. did not say anything, but Vickers could hear
Appellant yelling at C.C. and C.C. pleading with Appellant, and then the line
went dead.  Vickers said that she called
911.

Hood County deputy sheriff Robert Weldon
testified he responded to Vickers=s 911
call.  He said that when he arrived, C.C.
was crying and hysterical and said, AThank
God you are here.  [Appellant has] been
holding me captive in our bedroom.@  Weldon testified C.C. told him that she and
Appellant were arguing and that Appellant hit her on the back and ribs with his
closed fist.  Weldon said that C.C. told
him that when she tried to leave her bedroom, Appellant grabbed her by the hair
and threw her against the bed and that her hair looked as though it had been
pulled.  He testified that he did not see
any injuries on C.C.=s face.  Weldon said that C.C. told him she had pain
in her shoulders and ribs, though on cross-examination he conceded that he did
not write anything about pain in his report. 








Deputy Brook Dezavala photographed the places on
C.C.=s body
where she said Appellant had hit her, and the trial court admitted the photos
into evidence.  Dezavala testified that
the photos showed redness around C.C.=s neck
running from her collarbone to her left breast and broken skin on her left
shoulder.

C.C. testified that on the day in question, she
and Appellant were arguing and that Appellant shoved her and either pushed or
punched her in the ribs or back.  She
admitted to having given a written and signed statement to the police that
Appellant had hit her on the shoulder with a closed fist.  She denied that the photos showed bruises or
broken skin on her body. 

Appellant=s
father, Joe Cooke, testified that he went to Appellant and C.C.=s house
on the night of the incident and did not see any injuries on C.C.

Other witnesses testified about other aspects of
Appellant=s compliance or noncompliance
with the terms of his deferred adjudication, but we will forego summarizing
their testimony because it is not relevant to the trial court=s
findings.








The trial court found that Appellant violated the
terms of his deferred adjudication by intentionally or knowingly causing bodily
injury to C.C. by striking her on her shoulder, back, and ribs with his fist;
adjudicated Appellant guilty of the 2002 assault; and, after hearing
punishment-phase evidence, sentenced him to three years=
confinement.

4.     Conviction on the second indictment

Appellant was tried on the second indictment in
April 2008.  The evidence presented at
trial was essentially similar to the evidence presented at the adjudication
hearing in the other case.  Because the
evidence presented at trial does not figure in Appellant=s sole
point relating to that case, we will forego a detailed analysis of the evidence.  A jury convicted Appellant of assault causing
bodily injury to a family member and assessed punishment of eight years=
confinement.

                                     Ex
Post Facto Violation








In his first point in his direct appeal from the
adjudication on the 2002 indictment, his first point in his direct appeal from
his 2008 conviction, and his sole point in his habeas appeal, Appellant argues
that application of penal code sections 22.01(b)(2) and (f)(1)Cwhich he
claims the State used to enhance the 2002 assault from a Class A misdemeanor to
a third degree felony by virtue of the 1999 New Mexico family assaultCviolated
the federal and Texas constitutional prohibitions on ex post facto laws.  See U.S. Const. art. I, ' 10
(prohibiting ex post facto laws); Tex. Const. art. I, ' 16
(same); Tex. Penal Code Ann. ' 22.01(b)(2),
(f)(1) (Vernon Supp. 2008).  The gist of
Appellant=s argument is that the
legislature did not amend section 22.01 to allow enhancement by a deferred adjudication
until 1999Cafter Appellant was found guilty
of family assault in New Mexico but before he pleaded guilty to the 2002
offense in Texas.  See Act of June
18, 1999, 76th Leg., R.S., ch. 1158, ' 1, 1999
Tex. Gen. Laws 4063, 4063 (amending section 22.01 to add subsection (f), which
allowed enhancement under subsection (b)(2) with a deferred adjudication for
family assault), amended by Act of May 20, 2005, 79th Leg., R.S., ch. 788,
' 1, 2005
Tex. Gen. Laws 2709, 2709 (current version at Tex. Penal Code Ann. ' 22.01(f)(1)
(Vernon Supp. 2008)).








Appellant=s 2002
conviction was not enhanced by a deferred adjudication; thus, it does not
implicate the deferred adjudication provision of penal code section
22.01(f)(1).  This is true for two
reasons.  First, when Appellant pleaded
guilty to the 2002 offense, he signed a judicial confession admitting that Aany
enhancement and habitual allegations set forth in the indictment are true and
correct,@ i.e., Athat
prior to the commission of the [subsequent offense] the defendant had been
previously convicted of an assault with bodily injury against a member
of the defendant=s family or household.@
[Emphasis added.]  See Edison v. State,
253 S.W.3d 303, 305 (Tex. App.CBeaumont
2008, no pet.) (holding judicial confession to prior family assault conviction
alleged in indictment sufficient to prove prior conviction  and enhance current family assault to a
felony); see also Wilson v. State, 671 S.W.2d 524, 525 (Tex.
Crim. App. 1984) (holding a defendant=s plea
of true to an enhancement paragraph provides legally and factually sufficient
evidence to find the paragraph true beyond a reasonable doubt).

Second, although Appellant claims the New Mexico
offense resulted in deferred adjudication, the AFinal
Order on Criminal Complaint@ he
filed in support of his argument says otherwise.  The New Mexico order specifically says that
Appellant was adjudicated guilty: AThis
court having previously found the defendant guilty and having deferred
sentencing . . . .@ 
Thus, the New Mexico court deferred sentencing, not adjudication.  See N.M. Stat. Ann. ' 31-20-3
(West 2009) (providing that court may defer sentence A[u]pon
entry of a judgment of conviction@
(emphasis added)).  Because the State did
not enhance Appellant=s 2002 offense with a deferred
adjudication, his argument that the use of a deferred adjudication to enhance
the offense violated the ex post facto prohibition fails.








Moreover, even if the 1999 family assault charge
had been resolved by deferred adjudication, enhancing the 2002 offense under
the 1999 version of section 22.01(f) would not violate the ex post facto
prohibition.  The court of criminal
appeals has Aupheld the use for enhancement
of convictions which occurred before the effective date of [a new] enhancement
provision on the ground that the enhancements punish the new offense rather
than the prior conviction.@  Scott v. State, 55 S.W.3d 593, 596
(Tex. Crim. App. 2001) (citing Shaw v. State, 529 S.W.2d 75, 76 (Tex.
Crim. App. 1975)); see also McDonald v. Massachusetts, 180 U.S. 311,
312,  21 S. Ct. 389, 390 (1901) (AThe
punishment is for the new crime only, but is the heavier if he is an habitual
criminal. . . . The statute, imposing a punishment on none but future crimes,
is not ex post facto.@); Ex parte White, 211
S.W.3d 316, 320 (Tex. Crim. App. 2007) (A[E]nhancement
statutes penalize the new criminal offense being enhanced rather than the prior
offense used for enhancement[,] and . . .  a statute imposing a punishment on only
future crimes is not an ex post facto violation.@).








Appellant relies upon Munoz v. State, 133
S.W.3d 836, 837-38 (Tex. App.CEl Paso
2004, no pet.) (citing Scott, 55 S.W.3d at 597B98), to
support his argument that enhancement by the 1999 family assault is an ex post
facto violation.  Both cases are
distinguishable.  In Scott, the
defendant pleaded guilty to indecency with a child in 1991 in exchange for
deferred adjudication.  Scott, 55
S.W.3d at 595.  The version of the Texas
deferred adjudication statute in effect at the time prohibited the use of a
successfully-completed deferred adjudication to enhance a subsequent offense.  Id. 
In 1997, the legislature amended code of criminal procedure article
42.12, section 5(c) to allow use of a deferred adjudication as provided by
penal code section 12.42.  Id. at
596.  The same act amended section 12.42
to make a successfully-completed deferred adjudication count as a conviction
for the enhancement of certain crimes.  Id.  The defendant was later convicted of
aggravated sexual assault and, under the new version of section 12.42, received
a mandatory life sentence.  Id. at
595.  The court held that enhancing the
sentence with the prior deferred adjudication violated the ex post facto
prohibition because of the explicit limitation on the collateral consequences
of deferred adjudication in the version of article 42.12 that existed when the
defendant pleaded guilty to the prior offense. 
A[W]hen a
statute explicitly restricts the collateral consequences of an offense, the
defendant is entitled to rely on that restriction.  Punishment for the offense is increased by
the removal of the statutory restriction, and such an increase in punishment
constitutes an ex post facto law.@  Id. at 597B98; see
also Munoz, 133 S.W.3d at 838 (holding appellant, in pleading guilty in
1997, was entitled to rely on language in article 42.12, section 5(c) prior to
its amendment, that explicitly limited the collateral consequences of deferred
adjudication).








When there is no such statutory restriction,
there is no ex post facto violation.  White,
211 S.W.3d at 320.  The difference
between this case, on one hand, and Scott and Munoz on the other,
is that unlike the 1991 version of the Texas deferred adjudication statute, the
relevant New Mexico statute contains no such explicit restriction upon which
Appellant could have relied in 1999.  See
N.M. Stat. Ann. ' 31-20-8 (West 2009); Rodriquez
v. State, 227 S.W.3d 842, 845B46 (Tex.
App.CAmarillo
2007, no pet.) (holding New Mexico deferred sentencing statute did not prohibit
use of successfully-completed probation to enhance subsequent offense; thus,
enhancement did not violate ex post facto prohibition).  Absent such a restriction, Appellant cannot
show an ex post facto violation.








In his petition for discretionary review,
Appellant points out for the first time that the New Mexico AFinal
Order on Criminal Complaint@ states
that the 1999 criminal charges are Adismissed,@ and
argues that, based on that language, there was no prior New Mexico Aconviction@ that
could be used to enhance the 2002 conviction. 
But the order shows that it was not signed until October 15, 2007, long
after Appellant=s indictment and deferred
adjudication in 2002.  Appellant had not
successfully completed his New Mexico community supervision and the 1999
charges had not been dismissed at the time he pled guilty to the subsequent
charges in 2002.  For this additional
reason, Scott and Munoz do not apply because they  addressed a prior statutory prohibition
against using a successful dismissal or discharge of deferred
adjudications for enhancement of subsequent offenses.  See Martinez v. State, No.
05-00-00517-CR, 2002 WL 257697, *4 (Tex. App.CDallas
2002, no pet.) (mem. op., not designated for publication) (distinguishing Scott
because appellant had not successfully completed deferred adjudication
community supervision and obtained a discharge or dismissal and case thus fell
outside scope of previous explicit statutory prohibition).

We overrule Appellant=s first
point in his direct appeal from his adjudication on the first indictment and
his sole point in his habeas appeal.[2]

In his sole point in his direct appeal from his
conviction on the second indictment, Appellant adopts and incorporates by
reference his arguments from the other appeals regarding the putative ex post
facto violation.  Having overruled those
arguments, we also overrule his sole point in this third appeal for the reasons
stated above.








                                     Sufficiency
of Evidence

In his second point in his direct appeal from his
adjudication on the first indictment, Appellant argues that the trial court
abused its discretion by proceeding to adjudication because the State failed to
prove that he violated the terms of his deferred adjudication by committing
another assault causing bodily injury in 2007.








Appellate review of the decision to adjudicate
guilt is Ain the same manner@ as
review of the revocation of community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b)
(Vernon Supp. 2008).  Appellate review of
a community supervision revocation is limited to determining whether the trial
court abused its discretion, and we examine the evidence in the light most
favorable to the trial court=s
findings.  See Cardona v. State,
665 S.W.2d 492, 493B94 (Tex. Crim. App. 1984).  The State must prove by a preponderance of
the evidence that the defendant violated the conditions of community
supervision.  Cobb v. State, 851
S.W.2d 871, 874 (Tex. Crim. App. 1993). 
The trial judge is the sole trier of facts and determines the
credibility of the witnesses and the weight to be given to the testimony.  See Lee v. State, 952 S.W.2d 894, 897
(Tex. App.CDallas 1997, no pet.).  Sufficient evidence of one violation is
adequate to affirm a trial court=s order
revoking community supervision.  See
Watts v. State, 645 S.W.2d 461, 463 (Tex. Crim. App. [Panel Op.] 1983);
Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

Appellant argues that C.C.=s
testimony at the hearing on the State=s
petition that Appellant had not assaulted her renders the evidence insufficient
to revoke his community supervision and proceed to adjudication.  But C.C. also admitted that she had given
police a written statement saying that Appellant had hit her with his
fist.  Although C.C.=s trial
testimony conflicted with her earlier statements, the trial court was free to
disbelieve her trial recantation.  See
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) (holding
factfinder free to disbelieve complainant=s trial
recantation of earlier statements and that earlier statements were legally
sufficient to support guilty verdict).

Appellant also argues that the police witnesses Acould
not tie any injuries suffered by [C.C.] to assaultive actions allegedly
committed by@ Appellant.  But Deputy Weldon testified that C.C. told
him Appellant had hit her with his fist and caused her to suffer pain, and
Deputy Dezavala testified that the photographs she took showed redness and
broken skin in the areas of C.C.=s body
where C.C. said Appellant hit her.








Considering all of the evidence in the light most
favorable to the trial court=s
decision, we hold that the trial court did not abuse its discretion by
concluding that Appellant intentionally or knowingly caused bodily injury to
C.C. by striking her with his fist.  We
therefore overrule Appellant=s second
point.

                                             Conclusion

Having overruled all of Appellant=s points
in all three appeals, we affirm the trial court=s
judgments and its denial of Appellant=s
petition for writ of habeas corpus.

PER
CURIAM

 

PANEL:  GARDNER, J.; CAYCE, C.J.; and MEIER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  September 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]We express no opinion as
to the effect of penal code section 22.01(f)(2)Cwhich the legislature
enacted in 2005 and which, for the first time, specifically authorized
enhancement of family assault by out-of-state convictions for conduct
substantially similar to the offenses listed in section 22.01(b)(2)Cbecause Appellant did not
address that subsection in the trial court or on appeal.  See Act of May 20, 2005, 79th Leg.,
R.S., ch. 788, ' 1, 2005 Tex. Gen.
Laws 2709, 2709 (current version at Tex. Penal Code Ann. ' 22.01(f)(2) (Vernon
Supp. 2008)).