# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20092

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2014

Lyle W. Cayce
Clerk

REGINALD KING,

Plaintiff-Appellant

v.

STEVEN C. MCCRAW, Director of the Texas Department of Public Safety;
CHIEF KENITH ADCOX, Chief of the La Porte Police Department,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-321

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

## I.     FACTUAL AND PROCEDURAL HISTORY

In November 1990, Appellant Reginald King ("King") was charged with indecency with a child. Tex. Penal Code Ann. § 21.11(a)(2). He pleaded guilty as charged in Harris County, Texas district court. The court entered a deferment of adjudication of guilty and placed him on probation for 10 years. King was required as a condition of probation to complete sex offender

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20092

counseling.  On June 13, 1996, the court entered an order dismissing the proceedings against him and terminating his probation.

In 1990, at the time King pleaded guilty and was placed on deferred adjudication for indecency with a child, the Texas Sex Offender Registration Act (SORA) had not yet been enacted.  It was enacted the next year in 1991. *See* Sex Offender Registration Act, 72d Leg., R.S., ch. 572, § 1, 1991 Tex. Gen. Laws 2029.  SORA required any person with a "reportable conviction or adjudication," including a conviction or adjudication for indecency with a child, to register as a sex offender.  At that time, SORA did not include a deferred adjudication for indecency with a child as a reportable adjudication.[1]

In 2005, SORA was amended to include as a reportable conviction deferred adjudications for indecency with a child that occurred on or after September 1, 1970.  TEX. CODE CRIM. PRO. ANN. § 62.001(5)(A) & § 62.002(a). Thus, the 2005 SORA amendment included King's deferred adjudication as a reportable conviction.  In 2006, the City of La Porte passed an ordinance prohibiting sex offenders whose violation involved a victim under 17 years of age from residing within 1,000 feet of any premises where children commonly gather, including playgrounds, schools, and public swimming pools. La Porte, Tex., Gen. Ordinances ch. 42, art. V, § 42-104.

Meanwhile, in 2001, King had been charged with two burglaries of a habitation.  He pleaded guilty to both as charged and was sentenced to a 20-year term of imprisonment.  In 2008, King was released on parole with the

---

[1]  In 1993, SORA was amended to include "deferred adjudication" for indecency with a child as a reportable conviction of adjudication.  However, the amendment did not apply to King because it only included offenses that occurred on or after September 1, 1991, or if the date of the order of deferred adjudication was on or after September 1, 1993.

2

No. 13-20092

statutorily mandated condition that he register as a sex offender and be evaluated to determine whether he needed sex offender counseling.

In 2009, La Porte Police Detective Huckabee contacted King and informed him that he was required to register as a sex offender with the La Porte Police Department, and King complied. King, represented by counsel, filed the instant lawsuit against the Director of the Texas Department of Public Safety, Steven McCraw, and the Chief of the La Porte Police Department, Kenith Adcox, both in their official capacities. 42 U.S.C. §§ 1983 & 1988. In his complaint, King alleged that SORA's requirement that he register as a sex offender violated his Fourteenth Amendment rights to substantive and procedural due process and equal protection. He further argued that SORA was unconstitutional because it violates the *Ex Post Facto* Clause. He argued that his deferred adjudication was dismissed and therefore he does not have a "reportable conviction" as defined by SORA. In his complaint, King did not challenge the constitutionality of the City of La Porte's sex offender ordinances.

Adcox moved to dismiss the complaint, asserting insufficient service of process. The district court granted the motion and dismissed the claims against Adcox without prejudice. The court allowed King until August 31, 2011, to serve the Attorney General of Texas, and King timely effected service.

McCraw filed a motion for summary judgment, and Adcox subsequently filed a motion to join McCraw's motion for summary judgment. The court granted summary judgment in favor of McCraw. In its opinion, the court noted that although Adcox had filed a motion "purporting to join in McCraw's motion for summary judgment," King's claims against Adcox had been dismissed based on insufficient service of process.

King filed a motion for reconsideration of summary judgment, asserting that in the order granting summary judgment the court had erroneously stated

that the cause of action against Adcox had been dismissed.  The court granted King's motion to reconsider, explaining that there was a "clear error of fact: now that proof of service of Adcox has been introduced in the record, there is no basis for the order dismissing all claims against him for insufficient service of process."  With respect to summary judgment, the court explained that the only claim that needed to be reconsidered was the claim that SORA violates the *Ex Post Facto* Clause.  The court stated that it is undisputed that the City of La Porte promulgated sex offender residency restrictions.  The court ruled that those ordinances cannot form the basis of King's challenge to SORA because SORA does not impose any residence restrictions.  The court explained that King has "stated a claim against the City of La Porte that was not made in his original complaint—and which the Court is not free to consider because such a claim is not properly before it."  Accordingly, the court entered an amended judgment, granting summary judgment in favor of both McCraw and Adcox.  King now appeals.

II.    ANALYSIS

A.    Standard of Review

We review a grant of summary judgment de novo, applying the same standards as the district court.  *Am. Home Assurance Co. v. United Space Alliance, LLC,* 378 F.3d 482, 486 (5th Cir. 2004).  "A summary judgment motion is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law."  *Id.*; *see also* FED. R. CIV. P. 56(a).

### B.    *Ex Post Facto* Claim

King argues that SORA is unconstitutional as applied to him because it violates the *Ex Post Facto* Clause.  He points out that SORA was not in existence at the time he pleaded guilty to the offense of indecency with a child. He contends that the restrictions on where he may live, work, and with whom he may associate are punitive.  In its original opinion granting summary judgment, the district court explained that SORA did not impose the complained of restrictions; instead, the City of La Porte's ordinances contain these restrictions. Opinion at p. 11 (Sept. 7, 2012).    In its opinion on reconsideration, the district court ruled that it was "not free to consider" a challenge to the La Porte ordinances because that claim was "not properly before it."  Opinion at p. 11 (Jan. 15, 2013).  The court concluded that it would not grant leave to amend at that point because it would be futile, opining that "even if [King] amended his complaint to claim an *ex post facto* violation by the La Porte ordinance, this claim would still fail to survive summary judgment." *Id.* at 12. On appeal, King fails to argue that the district court erred in ruling that the challenge to the La Porte restrictions was not properly before it. King's failure to argue this claim renders it abandoned.  *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that the Court "will not raise and discuss legal issues that [appellant] has failed to assert").

King does argue that the district court erred in rejecting his claim that the application of SORA to him violates the *Ex Post Facto* Clause.  In unpublished opinions, this Court has repeatedly affirmed a district court's dismissal as frivolous the claim that the retroactive application of Texas law requiring sex offender registration and notification violates the *Ex Post Facto* Clause.  *See Hayes v. Tex.,* 370 F. App'x 508 (5th Cir. 2010); *Hall v. Att'y Gen.*

*of Tex.*, 266 F. App'x 355 (5th Cir. 2008); *Herron v. Cockrell*, 78 F. App'x 429 (5th Cir. 2003). Although our unpublished decisions are not controlling precedent, all these decisions relied on the Supreme Court's holding in *Smith v. Doe*, 538 U.S. 84 (2003). In *Smith v. Doe*, the Supreme Court rejected an *ex post facto* challenge to Alaska's sex-offender-registration statute. *Id.* Although King recognizes the holding in *Smith v. Doe,* he contends that SORA's application to him is excessive in relation to the statute's stated purpose of public safety. The only challenge he makes to SORA's application to him is the requirement to re-register annually. However, the Supreme Court explained that "registration requirements make a valid regulatory program effective and do not impose punitive restraints in violation of the *Ex Post Facto* Clause." *Id.* at 102. Contrary to King's assertion, SORA's requirement to re-register annually cannot be said to be excessive. *Cf. id.* at 104 (opining that the "duration of the reporting requirements is not excessive" because research has shown that a child molester may commit a "re-offense" as many as 20 years after being released). The Supreme Court has instructed that "only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id.* at 92 (internal quotation marks omitted). As stated by the district court, King's evidence and allegations are insufficient as a matter of law to show that SORA is a criminal penalty. Thus, the district court properly denied King's claim of an *ex post facto* violation.[2]

---

[2] King points out that at the time of his plea agreement in 1990, Article 42.12 section 5(c) of the Code of Criminal Procedure provided that a dismissal and discharge under the deferred adjudication section is not a conviction for the purposes of disqualifications or disabilities that could be incurred for a conviction of this type. King cites *Scott v. State*, 55 S.W.3d 593, 597—98 (Tex. Crim. App. 2001), and in that case, the Court found that because of the preceding statutory language, the use of the Appellant's previously dismissed deferred

No. 13-20092

C.    Procedural Due Process Claim

King contends that SORA's "policies and procedures that were adopted, implemented, and imposed" violate his right to procedural and substantive due process.    With respect to procedural due process, King complains that the statute automatically classified him as a sex offender without notice or any individualized determination of his purported danger to the community.  We have held that "[w]hen an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions."  *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010) (citing *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 7—8 (2003)).[3]  We explained that an individual convicted of a sexual offense in a "prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required

---

adjudication conviction to enhance a sentence for a subsequent conviction constituted an *ex post facto* violation. Of course, it "is beyond cavil that we are not bound by a state court's interpretation of federal law." *Grantham v. Avondale Indus., Inc.*, 964 F.2d 471, 473 (5th Cir. 1992).  In any event, unlike in *Scott*, King's deferred adjudication is not being used to enhance a criminal sentence. As previously discussed, a retroactive application of SORA does not constitute an *ex post facto* violation.

Moreover, the 2005 amendments to SORA require people with a conviction *or* a deferred adjudication to register as a sex offender. *See* Tex. Crim. Proc. Code art. 62.001(5) (2005) ("'Reportable conviction or adjudication' means a conviction or adjudication, *including* an adjudication of delinquent conduct or *a deferred adjudication . . . .*" (emphasis added)). Accordingly, the statute provides for those with a deferred adjudication as a distinct category of people who must register under the law.  The requirement that King must register as a sex offender, therefore, is due to the fact that he received a deferred adjudication.  Thus, King's argument that he should not be subject to the registration requirement because such a requirement is a "disqualification or disability" that is only incurred by an actual conviction is inapposite.  Thus, this argument affords him no relief.

[3] King cites this Court's opinion in *Meza* for the proposition that "an individual has a liberty interest in being free from the SORA."  King misconstrues *Meza*.  In that case, we concluded that Meza had a liberty interest in being free from sex offender registration and therapy because he had *not* been convicted of a sexual offense.  *Meza,* 607 F.3d at 401 ("'[P]risoners who have not been convicted of a sex offense have a liberty interest created by the Due Process Clause in freedom from sex offender classification and conditions.'"). (quoting *Coleman v. Dretke*, 395 F.3d 216, 222 (5th Cir. 2004)).  Unlike *Meza*, King did plead guilty to a sex offense, indecency with a child.

7

by due process." *Id.* (internal quotation marks omitted); *Doe,* 538 U.S. at 7 (explaining that the "the law's requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest"). Thus, King has not shown that his procedural due process rights were violated.

### D. Substantive Due Process Claim

With respect to substantive due process, King contends that the burdens of SORA are excessive in relation to its stated purpose. "While the core of substantive due process is protection from arbitrary government action, only the most egregious official conduct is arbitrary in the constitutional sense." *Coleman v. Dretke,* 395 F.3d 216, 224 (5th Cir. 2004) (internal quotation marks and citation omitted). It has been explained that "behavior most likely to shock the conscience and thus support a substantive due process claim is conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 224—25 (internal quotation marks and citation omitted). *See also Williams v. Ballard,* 466 F.3d 330, 335 (5th Cir. 2006) (noting that *Coleman* foreclosed the petitioner's argument that he was deprived of substantive due process by the parole condition that he register as a sex offender under SORA and receive therapy even though he had never been convicted of a sex offense). We are not persuaded that SORA's registration requirements are unjustified or that they are imposed with the intent to injure him. King has not shown that the restrictions rise to the level of shocking the conscience. Thus, we affirm the district court's denial of King's substantive due process claim.

For the above reasons, the district court's judgment is AFFIRMED.