# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50349
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

AARON HOLLIER, Individually and as Next Friend of M.H., a minor, and
L.H., a minor; VALORIE HOLLIER, Individually and as Next Friend of
M.H., a minor, and L.H., a minor,

> Plaintiffs - Appellants

v.

RANDY WATSON, in his official capacity; CYNTHIA LEON, in her official
capacity; CARIN BARTH, in her official capacity; STEVEN MCCRAW, in his
official capacity; STATE OF TEXAS,

> Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas,
U.S.D.C. No. 1:13-cv-821

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Plaintiffs-Appellants A. Hollier, V. Hollier, on behalf of themselves and
their minor children (collectively, "the Holliers"), appeal: (1) the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-50349

grant of the motion to dismiss filed by Defendants-Appellees, Randy Watson, Cynthia Leon, Carin Barth, all in their official capacities (collectively, "Defendants"), (2) the court's denial of their motion for reconsideration of that same order, (3) the denial of their motion for leave to amend their complaint, and (4) the striking of their amended complaint. We affirm.

## I.    FACTS & PROCEEDINGS

Aaron Hollier filed a civil rights complaint in district court, alleging that the Texas Sex Offender registration requirements, as applied to him and his family, violated the Due Process and Equal Protection Clauses, the Double Jeopardy Clause, the *Ex Post Facto* Clause, and constituted a failure-to-protect claim. The Defendants filed a motion to dismiss, contending that the Holliers failed to state a claim. Under Western District of Texas Local Rule CV-7(e) the Holliers' response was due within fourteen days. The Holliers did not file any responsive pleading within fourteen days. Because Local Rule CV-7(e) also provides that the court may grant a motion as unopposed if review of the pleading reveals that it fails to state a claim, the court reviewed the complaint and granted the Defendants' motion to dismiss – eighteen days after it was filed. Three days later – exactly twenty-one days after the Defendants filed their motion to dismiss and within the time limit prescribed by Federal Rule 15(a)(1) to amend a pleading – the Holliers filed motions seeking leave to file an amended complaint and requested reconsideration of the order dismissing their original complaint. The court denied both motions. In denying the motion for leave to amend, the district court noted that the amended complaint advanced the same causes of action and named the same individual defendants as had the dismissed complaint.

The Holliers timely appealed the district court's order granting the Defendants' motion to dismiss, its order denying their motion for leave to amend and for reconsideration, and the striking of the amended complaint. On

2

No. 14-50349

appeal, the Holliers assert: (1) The district court prematurely dismissed their complaint under Federal Rule 15(a)(1) and therefore erred in denying them leave to amend their complaint and their motion for reconsideration, and (2) their original and amended complaint states a claim.

## II.    ANALYSIS

### A.    Denial of motion to dismiss

We review a district court's grant of a motion to dismiss *de novo*, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff.[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[2]  A district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief."  We may affirm the district court's dismissal on any grounds supported by the record.[3]

Before addressing whether the district court erred in granting the Defendants' motion to dismiss under the substantive law, we consider whether the court committed reversible error by granting their motion before passage of the 21 days in which the Holliers were entitled to amend their complaint "as a matter of course" under Federal Rule 15(a)(1).  The court applied Local Rule CV-7(e), which provides that a party must file its response to a dispositive motion within 14 days; and, if no response is filed, the district court may grant the motion as unopposed.

On its face, Local Rule CV-7(e)  is inconsistent with Rule 15(a)(1), which permits a party *21 days* after service of a motion under Rule 12(b), (e), or (f) in

---

[1] *Whitley v. Hanna*, 726 F.3d 631, 637-638 (5th Cir. 2013).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

[3] *Sobranes Recovery Pool I, LLC v. Tood & Hughes Const. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007) (internal quotation marks omitted).

which to amend a complaint. Federal Rule of Civil Procedure 83(a) and (b) provides that a district court may regulate practice in any manner not inconsistent with federal law, the Federal Rules of Civil Procedure, or the local rules of the district;[4] and that any local rule imposing a requirement of form must not be enforced in a way that "causes a party to lose any rights because of a nonwillful failure to comply."[5]

We have reversed district court judgments resulting from the application of local rules which are inconsistent with the federal rules. In *Clark v. Richards*, an unpublished opinion, we held that Federal Rule 38(b), which provides that a party may demand a jury trial by way of a written demand in a pleading, preempted a local rule requiring that a party make its jury demand on a paper separate from its complaint.[6] In *Hicks v. Miller Brewing Company*, also unpublished, we reversed the district court's striking and unfiling of a complaint that did not include a certificate of interested persons as required by the local rules.[7] We reasoned that abridging the plaintiff's substantive right to file a lawsuit for failure to comply with a local rule of form ran afoul of Rule 83(b).

Both cases are distinguishable from the matter before us because the Holliers did not "lose [their] rights" as a result of the court's premature grant of Watson's motion to dismiss.[8] Although it erred in granting Watson's motion

---

[4] FED.R.CIV.P. 83(a)-(b). *See Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 589-90 (5th Cir. 2009) (rejecting the application of a local rule when it would controvert the federal rule governing the filing deadline for a notice of appeal.).

[5] FED.R.CIV.P. 83(a)(2).

[6] No. 93-5119, 1994 WL 286159, at *5 (5th Cir. June 14, 1994) ("Even assuming that local rule 4(c) mandates that jury demand be made on a separate paper and not endorsed on the compliant, [the plaintiff's] compliance with Federal Rule of Civil Procedure 38(b) was sufficient to make an effective jury demand.").

[7] No. 01-11422, 2002 WL 663703, at *1 (5th Cir. March 25, 2002).

[8] *Cf. id.* (reversing the district court's application of a local rule when the plaintiff "lost his *right* to file a lawsuit . . . with the expiration of the statute of limitations period") (emphasis supplied).

to dismiss before the time allowed for amendment by Federal Rule 15(a)(1) elapsed, the district court had reviewed the amended complaint in connection with the Holliers' motion for leave to amend and reconsideration. In so doing, the court determined that the amended complaint stated the same causes of action and added back the same individual defendants as the complaint previously dismissed by the court.[9]  Inasmuch as the court reviewed the amended complaint prior to dismissing the case, we conclude that the Holliers did not lose any rights as a result of the court's application of Local Rule CV-7(e) – wholly separate and apart from the right of the district court to review the complaint under the timeline prescribed by Rule 15(a)(1).[10]  Although we do not condone the application of Local Rule CV-7(e) under these circumstances, its application in this case did not constitute reversible error.

Putting aside the timing of its order dismissing the complaint, we further conclude that the district court correctly ruled that the Holliers' complaints – both first-filed and as amended – failed to state a claim as a matter of law. The Holliers' amended complaint asserted that the enactment, application, and enforcement of the Texas lifetime sex offender registration by the Defendants in their official capacities (1) deprived them of their constitutional rights to procedural due process;[11] (2) deprives them of their right to equal protection under the law; (3) violated the Double Jeopardy Clause; (4) violated the *Ex Post Facto* Clause; and, (5) constitutes a failure-to-protect claim. Both the United

---

[9] Hollier concedes that the amended complaint did not add any new causes of action or defendants, claiming only that the amended complaint added facts relevant to the equal protection claim, facts on the low recidivism rate for sex offenders, and facts about crimes against registered sex offenders and their families.

[10] *See Hamman v. Sw. Gas Pipeline, Inc.*, 721 F.2d 140, 142 (5th Cir. 1983) (concluding that a local rule permitting the district court to rule on a motion for summary judgment any time 20 days after the date of filing did not conflict with then-Federal Rule 56(c), which we interpreted to require notice to the adverse party and a hearing).

[11] The complaint states that the registry deprives them of their fundamental right to live in a place of their choice, as well as their fundamental right to parental consortium.

No. 14-50349

States Supreme Court, and this court, have held that sex offender registration statutes do not violate a citizen's right to due process.[12] The same goes for the Holliers' *ex post facto* claim,[13] their equal protection claim,[14] their Double Jeopardy claim,[15] and their failure-to-protect claim.[16] We therefore conclude that the district court did not err reversibly in granting the Defendants' motion to dismiss the complaint.

## B.     Denial of motion for leave to amend and reconsideration

We begin with the court's denial of the Holliers' motion for leave to file an amended complaint, which we generally review for abuse of discretion.[17] When a district court's denial for leave to amend is based on futility, however, we apply a *de novo* standard of review.[18] Although it did not explicitly state it was denying the Holliers' motion for leave to amend on the grounds of futility, the district court reviewed their amended complaint and determined it was essentially the same as the original complaint. We may therefore infer that the court denied the Holliers leave to amend on the ground that amendment would be futile, and we review its order *de novo*.

For substantially the same reasons that we affirm its grant of the Defendants' motion to dismiss, we conclude that the district court did not err in denying the Holliers leave to amend. Again, the court reviewed the amended

---

[12] *See Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010) (citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7-8 (2003); *Jennings v. Owens*, 602 F.3d 652 (5th Cir. 2010)) (procedural due process). *See King v. McCraw*, 559 F. App'x 278, 283 (5th Cir. 2014) (substantive due process); *Coleman v. Dretke*, 395 F.3d 216, 224-25 (5th Cir. 2004) (same).

[13] *See Hayes v. Tex.*, 370 F. App'x 508, 509 (5th Cir. 2010),

[14] *See King v. McCraw*, No. 4:10-CV-321, 2012 WL 3929826, at *7 (S.D. Tx. Sept. 7, 2012)

[15] *See Hayes*, 370 F. App'x at 509 (citing *United States v. Brown*, 571 F.3d 492, 497 (5th Cir. 2009)).

[16] Hollier and his family lack standing to assert a failure-to-protect claim, as the complaint cites the *possibility* of injury and is therefore speculative.

[17] *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

[18] *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010).

No. 14-50349

complaint and found it contained the same causes of action as the dismissed complaint, making denial of leave to amend prudent. The court should have permitted the Holliers leave to amend their complaint under the timeline prescribed in Federal Rule 15(a)(1), but we discern no reversible error in light of the court's review of the Holliers' amended complaint before it denied their motion for leave to amend. To remand this case to district court for further proceedings would simply "prolong the inevitable," and we hold the court's denial does not constitute reversible error under these circumstances.[19]

The same holds for the district court's denial of the Holliers' motion for reconsideration of the order dismissing the complaint, which is governed by the same considerations as its motion for leave to amend.[20] They sought reconsideration of that order only in the event that the district court should deny their motion for leave to amend their complaint. They did not present any grounds for reconsideration other than the submission of their amended complaint. We therefore conclude that the district court did not abuse its discretion in denying the Holliers' motion for reconsideration. Finally, for the same reasons that we hold the district court did not err in denying the Holliers leave to amend and their motion for reconsideration, the court did not err in

---

[19] In *McKinney v. Irving Independent School District*, we affirmed the district court's denial of a motion for leave to amend on the ground that "remanding the case to allow another pleading would do nothing but prolong the inevitable," notwithstanding that the plaintiff was entitled to amend its complaint at the time of dismissal. 309 F.3d 308, 315 (5th Cir. 2002) (citing *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997 (quoting *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986))); *see also Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile." (citing *Martin's Herend Imports, Inc.*, 195 F.3d 765, 771 (5th Cir. 1999)).

[20] When judgment has been entered on the pleadings, as it was in this case, the standards governing our review of a motion for reconsideration are the same as those governing a motion under Rule 15(a). *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981).

striking their amended complaint. The judgment of the district court is therefore AFFIRMED.