# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2019

No. 18-11620

Lyle W. Cayce
Clerk

JOHN DOES 1-7, individually and on behalf of all others similarly situated,

      Plaintiff - Appellant

v.

GREG ABBOTT, GOVERNOR OF THE STATE OF TEXAS; STEVEN MCCRAW, Colonel, Director of the Texas Department of Public Safety,

      Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:

The Appellants, John Does One through Seven, are registered sex offenders who appeal the dismissal for failure to state a claim of their challenges to the Texas Sex Offender Registration Program. We AFFIRM.

## I.  Background

The Texas Sex Offender Registration Program is codified at Chapter 62 of the Texas Code of Criminal Procedure. Its registration requirements apply retroactively to all persons with a "reportable conviction or adjudication occurring on or after September 1, 1970," for several enumerated sex offenses. TEX. CODE CRIM. PROC. ANN. arts. 62.001(5), .002(a).

No. 18-11620

Chapter 62 imposes various requirements on registrants. A few are especially relevant to this case. Most registrants are assigned a "risk level" of "one (low)," "two (moderate)," or "three (high)" using an "objective point system." *Id.* arts. 62.007, .053(a), (c). The "risk assessment review committee," a court, or a state corrections agency may override a risk level only if it believes that the assigned level does not accurately predict the registrant's risk to the community. *Id.* art. 62.007(d). Registrants must report in person at varying intervals depending on their offenses to verify their information. *Id.* arts. 62.058(a), .202. A registrant that intends to move, whether within or outside the state, must report in person within seven days before and after moving. *Id.* art. 62.055(a). The statute also prohibits registrants from living on the campus of an institution of higher education unless they are low-risk and the institution assents. *Id.* art. 62.064. The duty to register generally lasts for ten years after specified events of adjudication, but certain serious offenses can lead to lifetime registration. *Id.* art. 62.101.

The Does are men listed in the Texas sex-offender registry because of convictions that occurred before 2017, when Chapter 62 was last amended. They filed suit in the Northern District of Texas against Greg Abbott, Governor of Texas, and Colonel Steven McCraw, Director of the Texas Department of Public Safety.[1] The Does challenged Chapter 62 under 42 U.S.C. § 1983 on several constitutional grounds.[2] The district court dismissed all the Does' claims with prejudice under both Federal Rule of Civil Procedure 12(b)(1) for lack of standing to bring the claims against Abbott and Rule 12(b)(6) for failure to state a claim upon which relief may be granted. *Does #1–7 v. Abbott*, 345 F.

---

[1] The Does moved for class-action certification for seven classes, but the district court denied the motion without prejudice for being premature.

[2] These were the Due Process Clause, First Amendment, Equal Protection Clause, *Ex Post Facto* Clause, Eighth Amendment, Double Jeopardy Clause, and Contracts Clause.

No. 18-11620

Supp. 3d 763, 784 (N.D. Tex. 2018).

The Does timely appealed challenging only the Rule 12(b)(6) dismissal of four of their facial challenges:[3] that Chapter 62 violates (1) the Due Process Clause by classifying sex offenders into three tiers of present dangerousness with insufficient procedural due process, (2) the *Ex Post Facto* Clause by imposing additional punishment for offenses committed before the 2017 amendments to Chapter 62, (3) the Eighth Amendment by imposing "excessive and arbitrary" punishment, and (4) the Double Jeopardy Clause by imposing additional punishment after sentencing requirements have been completed.

## II.   Standard of Review

"We review de novo a district court's dismissal under Rule 12(b)(6), accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## III.   Discussion

We have previously held that constitutional challenges to Chapter 62 on

---

[3] The district court determined that the claims at issue on appeal were all facial challenges to Chapter 62. *Abbott*, 345 F. Supp. 3d at 773–74. We agree. The Does did not explicitly state that these were as-applied challenges, they did not object to the Appellees' characterizing their challenges as facial below, they did not plead sufficient facts to support an as-applied challenge, and the complaint made only general allegations of unconstitutionality. *See Justice v. Hosemann*, 771 F.3d 285, 292 (5th Cir. 2014) (holding that "a developed factual record" with "[p]articularized facts" is "essential" to support an as-applied challenge); *Int'l Women's Day March Planning Comm. v. City of San Antonio*, 619 F.3d 346, 356 (5th Cir. 2010) (holding that a party must "clearly raise[]" an as-applied challenge and "must press and not merely intimate the argument . . . before the district court").

3

*ex post facto*, Eighth Amendment, due process, and other similar grounds either are frivolous or fail to state a plausible claim. Procedural due process challenges fail because conviction of a sex offense entails all requisite process for the state to impose sex-offender conditions.[4] *Conn. Dep't of Pub. Safety v. Doe* (*CDPS*), 538 U.S. 1, 6–8 (2003); *Meza v. Livingston*, 607 F.3d 392, 401 (5th Cir. 2010). *Ex post facto*, Eighth Amendment, and double jeopardy challenges do not cross the minimum pleading threshold because Chapter 62 is nonpunitive.[5] None of the arguments in this case steer us in a different direction.

## A. Procedural Due Process Claims

The district court dismissed the Does' procedural due process claim, citing two unpublished opinions of our court. *Abbott*, 345 F. Supp. 3d at 777–78 (citing *Hollier v. Watson*, 605 F. App'x 255, 258 n.12 (5th Cir. 2015) (per curiam); *King v. McCraw*, 559 F. App'x 278, 283 (5th Cir. 2014) (per curiam)). These two opinions relied on *Meza v. Livingston*, in which we held, "When an individual is convicted of a sex offense, no further process is due before imposing sex offender conditions." 607 F.3d at 401 (citing *CDPS*, 538 U.S. at

---

[4] We have affirmed dismissals of and summary judgment on, and dismissed appeals of, similar due process challenges to Chapter 62 on at least four occasions. *See Hollier v. Watson*, 605 F. App'x 255, 258–59 (5th Cir. 2015) (per curiam) (affirming dismissal for failure to state a claim); *King v. McCraw*, 559 F. App'x 278, 282–83 (5th Cir. 2014) (per curiam) (affirming summary judgment); *Hall v. Att'y Gen. of Tex.*, 266 F. App'x 355, 356 (5th Cir. 2008) (per curiam) (affirming dismissal for failure to state a claim and as frivolous); *Herron v. Cockrell*, 78 F. App'x 429, 430 (5th Cir. 2003) (per curiam) (dismissing an appeal as frivolous).

[5] For a discussion of why Chapter 62 is nonpunitive, see *King*, 559 F. App'x at 281–82 (affirming summary judgment on an *ex post facto* claim). In other opinions, we relied on *Smith v. Doe* and its holding that the Alaska statute was nonpunitive. 538 U.S. 84, 105 (2003); *see Hayes v. Texas*, 370 F. App'x 508, 509–10 (5th Cir. 2010) (per curiam) (dismissing an appeal of *ex post facto* and double jeopardy claims as frivolous); *Hall*, 266 F. App'x at 356 (affirming the dismissal of an *ex post facto* claim for failure to state a claim and as frivolous). *See also Hollier*, 605 F. App'x at 258–59 (affirming dismissal of *ex post facto* and double jeopardy claims for failure to state a claim).

No. 18-11620

7–8). Because the Does stated in their complaint that Chapter 62's "[t]ier classifications are based solely on the offense(s) of conviction," the district court held that the Does "show[ed] that they have already been afforded all that due process requires." *Abbott*, 345 F. Supp. 3d at 778.

When a state interferes with a liberty interest, "the procedures attendant upon that deprivation [must be] constitutionally sufficient." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Even assuming for the sake of argument that a convicted sex offender has a liberty interest in being free from registration as such,[6] it is settled that conviction or similar adjudication of a sex offense supplies sufficient due process for the imposition of sex offender conditions, including registration. *See CDPS*, 538 U.S. at 6–8; *Meza*, 607 F.3d at 401. "The individual convicted of a sex crime in a prior adversarial setting, whether as the result of a bench trial, jury trial, or plea agreement, has received the minimum protections required by due process." *Meza*, 607 F.3d at 401 (internal quotation marks omitted). Therefore, when a registry's requirements "turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest"—persons convicted of sexual offenses are owed no additional process.[7] *CDPS*, 538 U.S. at 7–8; *see Meza*, 607 F.3d at 401.

The Does argue that the classification of present risk provided for in Chapter 62 compels additional process. But they stated in their complaint to

---

[6] In *Meza*, we held that a person *not* convicted of a sexual offense has "a liberty interest in being free from sex offender registration and therapy." 607 F.3d at 401.

[7] John Does Three and Five received deferred adjudication, which is a reportable adjudication under Chapter 62 and provides sufficient due process to subject a person to registration requirements. *See King*, 559 F. App'x at 280–83 & n.2 (affirming summary judgment on *ex post facto* and procedural due process claims by a person with a deferred adjudication for a sex offense who was required to register under Chapter 62). The other Does were convicted after a trial or guilty plea.

the district court that the "classifications are based solely on the offense(s) of conviction," and they did not argue otherwise in district court.[8]  They have therefore waived any argument that risk classifications are not based solely on the fact of conviction.  *See N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996) ("We will not consider an issue that a party fails to raise in the district court, absent extraordinary circumstances.").  In light of this waiver, we consider only the arguments before the district court on these issues and, based upon those arguments, hold that the Does have been afforded enough due process to be placed under Chapter 62's strictures, including risk-level designation.  *CDPS*, 538 U.S. at 6–8; *Meza*, 607 F.3d at 401.

We also reject the Does' contention that Chapter 62 fails the stigma-plus test from *Paul v. Davis*, 424 U.S. 693 (1976).  To show a due process violation under this theory, "a section 1983 plaintiff [must] show stigma plus an infringement of some other interest."  *Blackburn v. City of Marshall*, 42 F.3d 925, 935–36 (5th Cir. 1995).  "[T]he infliction of a stigma on a person's reputation by a state official, without more, does not infringe upon a protected liberty interest."  *Id.* (citing *Paul*, 424 U.S. at 710–11).  Instead, "we have found sufficient stigma only where a state actor has made concrete, *false* assertions of *wrongdoing on the part of the plaintiff*."  *Blackburn*, 42 F.3d at 936.  When a sex offender is required to register or is assigned a risk level, there is no false

---

[8] The Does admit that they expressly pleaded to the district court that the tier classifications are based "solely" on the offense of conviction.  They did not argue that other factors are considered in making the tier determination until their brief on appeal, when they contended that their pleading in the district court was "in error."  Because they made a contrary argument in the trial court, we do not reach the question of whether additional due process is owed when a registrant's risk level is determined using factors other than the offense of conviction.  *See Myers v. Manchester Ins. & Indem. Co.*, 572 F.2d 134, 134 (5th Cir. 1978); *Aspire Commodities, L.P. v. GDF Suez Energy N. Am., Inc.*, 640 F. App'x 358, 362 (5th Cir. 2016) (holding that a plaintiff cannot make an argument on appeal opposite to the argument made in district court).

assertion of fact, and thus there is no stigma. *See Ex parte Robinson*, 80 S.W.3d 709, 714 (Tex. App—Houston [1st Dist.] 2002), *aff'd*, 116 S.W.3d 794 (Tex. Crim. App. 2003).

As for the infringement component, "[n]either harm to reputation nor the consequent impairment of future employment opportunities are constitutionally cognizable injuries." *Vander Zee v. Reno*, 73 F.3d 1365, 1369 (5th Cir. 1996) (citing *Siegert v. Gilley*, 500 U.S. 226, 233–35 (1991)). The Does identify no direct infringement on the part of the state, but only secondary harms resulting from their placement on the registry, such as housing and lending hardships. They have therefore failed to show a due process violation under the stigma-plus test.

Because the Does fail to state a plausible due process claim, we affirm the district court's dismissal of that claim.

## B. *Ex Post Facto*, Eighth Amendment, and Double Jeopardy Claims

The district court addressed the Does' *ex post facto*, Eighth Amendment, and double jeopardy claims collectively because their plausibility depended upon the threshold question of "whether Chapter 62's scheme is punitive in nature." *Abbott*, 345 F. Supp. 3d at 774. Relying on *Smith v. Doe*, 538 U.S. 84 (2003), in which the Supreme Court found the Alaska sex-offender registration statute to be nonpunitive, the district court held that Chapter 62 is also nonpunitive, meaning the Does' claims could not meet the pleading threshold. *Abbott*, 345 F. Supp. 3d at 775–77 (citing *Smith*, 538 U.S. at 92, 97–106). The district court also cited three of our unpublished opinions that reached the same conclusion. *Id.* at 776 (citing *King*, 559 F. App'x at 281; *Hall v. Att'y Gen. of Tex.*, 266 F. App'x 355 (5th Cir. 2008) (per curiam); *Herron v. Cockrell*, 78 F. App'x 429 (5th Cir. 2003) (per curiam)).

A statute can violate the *Ex Post Facto* Clause, the Eighth Amendment, or the Double Jeopardy Clause only if the statute is punitive. *See Smith*, 538

U.S. at 92–93, 96–97.[9]    Courts use an intents–effects test to make that determination: "If the intention of the legislature was to impose punishment, that ends the inquiry"; but if the law was not intended to be punitive, the question becomes whether it is "so punitive either in purpose or effect as to negate the State's intention to deem it civil."  *Id.* at 92 (brackets and internal quotation marks omitted) (quoting *Kansas v. Hendricks*, 521 U.S. 346, 361 (1997)).  "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Smith*, 538 U.S. at 92 (internal quotation marks omitted).

The Supreme Court has identified five non-dispositive factors, taken from *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963),[10] that are especially apt for determining whether a sex-offender registry is punitive:

> whether, in its necessary operation, the regulatory scheme: [1] has been regarded in our history and traditions as a punishment; [2] imposes an affirmative disability or restraint; [3] promotes the traditional aims of punishment; [4] has a rational connection to a nonpunitive purpose; or [5] is excessive with respect to this purpose.

*Smith*, 538 U.S. at 97.  "[A] most significant factor" is whether the law has a

---

[9] The Court in *Smith* explicitly tied this inquiry only to *ex post facto* challenges.  538 U.S. at 92–93.  But it applies with equal force in double jeopardy and Eighth Amendment contexts.  *See Kansas v. Hendricks*, 521 U.S. 346, 368–69 (1997) (holding that a statute did not violate the *ex post facto* or double jeopardy prohibitions because it was not punitive); *John Corp. v. City of Hous.*, 214 F.3d 573, 580 (5th Cir. 2000) ("[A] crucial question under the Eighth Amendment is whether a confiscation of property is punishment, not whether the proceeding culminating in property confiscation is a criminal or civil proceeding."); *see also Hinds v. Lynch*, 790 F.3d 259, 264 n.5 (1st Cir. 2015) ("The common inquiry across the [Supreme] Court's Eighth Amendment, ex post facto, and double jeopardy jurisprudence is determining whether the government's sanction is punitive in nature and intended to serve as punishment.").

[10] The Court in *Mendoza-Martinez* listed seven factors; the two not addressed in *Smith* were "whether [the sanction] comes into play only on a finding of scienter" and "whether the behavior to which it applies is already a crime."  372 U.S. at 168–69 (footnotes omitted).

"rational connection to a nonpunitive purpose." *Id.* at 102 (brackets and internal quotation marks omitted).

There is no question that Chapter 62 was not intended to be punitive. But the Does argue that its "cumulative effects . . . , retroactively imposed, qualify as punishment." The district court concluded that "[a]lthough . . . some of Chapter 62's requirements are more burdensome than the Alaska statute in *Smith v. Doe*, they do not rise to the level of harshness to constitute punishment." *Abbott*, 345 F. Supp. 3d at 776. We agree. *Smith* suggests that sex-offender registry statutes are generally not punitive. *See* 538 U.S. at 105. On several occasions, we have extended that holding to Chapter 62 specifically.[11] *See King*, 559 F. App'x at 281–82; *Hayes v. Texas*, 370 F. App'x 508, 509 (5th Cir. 2010) (per curiam); *Hall*, 266 F. App'x at 356; *Herron*, 78 F. App'x at 430.

The Does rely heavily on a Sixth Circuit opinion that found the Michigan sex-offender registry to be punitive. *See Does #1–5 v. Snyder*, 834 F.3d 696, 705 (6th Cir. 2016). But they identify no feature of Texas's scheme, which does not share the most burdensome features of Michigan's,[12] that would compel a

---

[11] The Texas Court of Criminal Appeals reached the same conclusion for the 1999 version of the statute. *Ex parte Robinson*, 116 S.W.3d at 797–98. We have also held that the federal sex-offender registry is not punitive. *United States v. Young*, 585 F.3d 199, 204–06 (5th Cir. 2009) (per curiam).

[12] Especially important to the holding in *Snyder* was a provision that prohibited registered sex offenders from living, working, or loitering within 1,000 feet of a school zone. *Snyder*, 834 F.3d at 698, 701–04. The residency restriction added to Chapter 62 in 2017, the only substantive amendment since we last considered similar claims, is far less burdensome. *See* TEX. CODE CRIM. PROC. ANN. art. 62.064 (prohibiting registrants from living on a university campus unless they are low-risk and the university assents). At least two circuits have found stricter residency limits to be nonpunitive. *See, e.g.*, *Shaw v. Patton*, 823 F.3d 556, 570–71 (10th Cir. 2016) (holding that the Oklahoma sex-offender registry was nonpunitive even though it prohibited registrants from residing within 2,000 feet of a school or a number of other sites with children); *Doe v. Miller*, 405 F.3d 700, 705, 718–23 (8th Cir. 2005) (holding that a 2,000-foot residency restriction on those convicted of certain sexual offenses against minors was nonpunitive).

departure from *Smith* or our prior decisions. Even if the Texas statute is harsher than the Alaska statute considered in *Smith*, and even if the Does are correct that sex-offender registries have questionable efficacy, Chapter 62 still advances the nonpunitive public purpose of defending public safety. *See Smith*, 528 U.S. at 103. "A statute is not deemed punitive simply because it lacks a close or perfect fit with the nonpunitive aims it seeks to advance." *Id.* We will not re-weigh the *Smith* factors here but instead defer to the analysis of the district court and our prior panels.

Because Chapter 62 is not punitive, we affirm the dismissal of the Does' *ex post facto*, Eighth Amendment, and double jeopardy claims.

AFFIRMED.

---

Additionally, the Michigan statute at issue in *Snyder* had a stricter in-person reporting requirement than Chapter 62's. *Compare* MICH. COMP. LAWS ANN. § 28.725 (requiring registrants to report in person "immediately" after various triggering events), *with* TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (requiring registrants to report changes of address in person within seven days).

10